1  **WEILAND, GOLDEN,**
   **SMILEY, WANG EKVALL & STROK, LLP**
2  Evan D. Smiley, State Bar No. 161812
   esmiley@wgllp.com
3  Philip E. Strok, State Bar No. 169296
   pstrok@wgllp.com
4  Kyra E. Andrassy, State Bar No. 207959
   kandrassy@wgllp.com
5  Robert S. Marticello, State Bar No. 244256
   rmarticello@wgllp.com
6  650 Town Center Drive, Suite 950
   Costa Mesa, California 92626
7  Telephone:  (714) 966-1000
   Facsimile:   (714) 966-1002
8
   Attorneys for the Official Committee
9  of Equity Holders

10

11                  **UNITED STATES BANKRUPTCY COURT**

12                  **CENTRAL DISTRICT OF CALIFORNIA**

13                       **SANTA ANA DIVISION**

14  In re                                | Case No. 8:08-bk-13421-ES

15  FREMONT GENERAL CORPORATION, a       | Chapter 11 Case
    Nevada corporation,
16                                        |
                                          | **OFFICIAL COMMITTEE OF EQUITY**
17                                        | **HOLDERS' SECOND AMENDED**
                                          | **CHAPTER 11 PLAN OF**
18                      Debtor.           | **REORGANIZATION**

19

20

21

22  Taxpayer ID No. 95-2815260

23

24

25

26

27

28

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

344102.1                                              SECOND AMENDED PLAN

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................... 1

II. THE PLAN OF REORGANIZATION .......................................................... 2

    A. Allowance and Treatment of Unclassified Claims ....................................... 2

        1. Administrative Claims.......................................................................... 2

            a. Administrative Claim Reserve ............................................. 3

            b. Administrative Claims Bar Date............................................ 3

            c. Deadline for Objections to Administrative Claims................. 3

            d. U.S. Trustee Fees ............................................................... 4

            e. Professional Fee Claims ...................................................... 4

        2. Priority Tax Claims............................................................................ 4

    B. Allowance and Treatment of Classified Claims and Interests ..................... 5

        1. Secured Claims (Class 1) .................................................................. 5

        2. Priority Non-Tax Claims (Class 2) ..................................................... 5

        3. General Unsecured Claims (Class 3)................................................. 6

        4. Class of Equity Interests (Class 4) .................................................... 7

        5. Class of Claims Subordinated Under 11 U.S.C. § 510(b) (Class 5).......................................................................................... 8

    C. Executory Contracts and Unexpired Leases............................................... 8

    D. Means of Effectuating the Plan ................................................................... 9

        1. Merger............................................................................................... 9

        2. Termination of the Fremont General Financing Declaration of Trust............................................................................ 10

        3. Postconfirmation Business Operations of the Reorganized Debtor........................................................................ 10

        4. The Reorganized Debtor's Management Team .............................. 11

        5. The Short-Term Strategy ............................................................... 12

        6. The Long-Term Strategy ................................................................ 13

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

# TABLE OF CONTENTS (cont.)

| | | | Page |
|---|---|---|---|
| | a. | Community Bank | 13 |
| | b. | Distressed Loans | 13 |
| | c. | Hard Money Mortgages | 13 |
| | d. | Asset-Based Financing | 14 |
| | 7. | Insurance Policies | 14 |
| E. | Retention of Jurisdiction | | 15 |
| F. | Claims | | 16 |
| G. | The Committees | | 16 |
| III. | MISCELLANEOUS PROVISIONS GOVERNING DISBURSEMENTS | | 16 |
| A. | Dates of Distributions | | 16 |
| B. | Manner of Distribution | | 17 |
| C. | Undeliverable Distributions | | 17 |
| D. | Rounding of Payments | | 17 |
| E. | Compliance with Tax Requirements | | 17 |
| F. | Distribution of Unclaimed Property | | 18 |
| G. | No De Minimis Distributions | | 18 |
| H. | Setoff | | 19 |
| I. | Exculpation Provision | | 19 |
| IV. | EFFECT OF CONFIRMATION OF PLAN | | 19 |
| A. | Discharge | | 19 |
| B. | Vesting of Property of the Estate | | 21 |
| C. | Modification of Plan | | 21 |
| D. | Post-Confirmation Status Report | | 22 |
| E. | Post-Confirmation United States Trustee Fees | | 22 |
| F. | Post-Confirmation Conversion/Dismissal | | 22 |
| G. | Final Decree | | 23 |

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

# **TABLE OF CONTENTS (cont.)**

**Page**

DEFINITIONS ................................................................................................ 24

RULES OF INTERPRETATION ...................................................................... 35

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

# I.    INTRODUCTION

Fremont General Corporation, a Nevada corporation, is the debtor (the "Debtor") in this Chapter 11 bankruptcy case.[1] The Debtor commenced this bankruptcy case on June 18, 2008. This document is the Second Amended Chapter 11 Plan (the "Plan") proposed by the Official Committee of Equity Holders (the "Equity Committee"). Sent to you in the same envelope as this document is the Disclosure Statement which has been approved by the Court and which is provided to help you understand the Plan.

This is a reorganizing plan. In other words, the Equity Committee seeks to accomplish payments under the Plan with Cash on hand and other Assets presently available to the Debtor, as well as assets to be generated by the Reorganized Debtor. The Plan's objective is also to simplify the corporate structure of the Debtor and its wholly-owned subsidiary, Fremont General Credit Corporation ("FGCC") and FGCC's wholly-owned subsidiary, Fremont Reorganizing Corporation, formerly known as Fremont Investment & Loan ("FRC") by effecting a merger of these three entities and vesting title to all Assets of the Debtor, FGCC, and FRC in the Reorganized Debtor which will then make Distributions to Holders of Allowed Claims and Equity Interests in accordance with the Plan and after making appropriate reserves for creditors of FGCC and FRC. As a result of the merger, claims against FGCC and FRC will be assumed and satisfied by the Reorganized Debtor and FGCC and FRC will cease to exist as separate legal entities. Claims against FGCC and FRC are not classified and treated as Claims under the Plan and will instead be paid in the ordinary course of the Reorganized Debtor's business as required by applicable non-bankruptcy law.

---

[1]    Any capitalized term not defined in the text of this Plan is defined in the Definitions section at the end of the Plan or in the Disclosure Statement.

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

# II. THE PLAN OF REORGANIZATION

The goal of the Plan is to vest all of the Assets of the Debtor in the Reorganized Debtor free and clear of all liens and in accordance with section 1141 of the Bankruptcy Code and to effectuate a merger of the Debtor, FGCC, and FRC, with the long-term goal of utilizing the assets of the Reorganized Debtor to, among other things, purchase a bank or bank charter to form a platform for a roll-up of community bank acquisitions and, when combined with other business opportunities, that will ultimately pay all Allowed Claims in full and generate a significant return for Holders of equity in the Reorganized Debtor while reserving sufficient funds for any obligations of FGCC and FRC.

The treatment of Allowed Claims and Allowed Equity Interests under the Plan supersedes any agreements or rights the Holders of those Claims or Equity Interests may have in or against the Debtor or its Assets and is in full satisfaction of the legal, equitable, and contractual rights of the Holders of the Claims or Equity Interests. Unless the Plan provides otherwise, no Distributions will be made and no rights retained on account of any Claim or Equity Interest that has not become an Allowed Claim or Allowed Equity Interest.

As required by the Bankruptcy Code, the Plan classifies Claims and Equity Interests in various classes according to their right to priority. The Plan states whether each Class of Claims or Equity Interests is impaired and provides for the treatment that each Class will receive.

## A. Allowance and Treatment of Unclassified Claims

Certain types of Claims are not placed into voting classes but are instead unclassified. The following Claims have not been put into a Class:

### 1. Administrative Claims

Administrative Claims are for costs and expenses of administering the Debtor's Case that are allowable under Bankruptcy Code section 503(b) or 28 U.S.C. § 1930, and include Claims incurred postpetition in the ordinary course of the Debtor's business, fees and expenses of professionals, and fees due to the U.S. Trustee's Office.

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

The following chart lists the Debtor's section 503(b) unpaid Administrative Claims and their treatment under the Plan:

| Description | Treatment |
| --- | --- |
| Ordinary Course Administrative Claims | Unless the Reorganized Debtor objects to an Ordinary Course Administrative Claim, the Claim will be allowed in accordance with the terms and conditions that gave rise to the Ordinary Course Administrative Claim, and the person holding the Ordinary Course Administrative Claim need not file any request for payment of its claim. |
| Clerk's Office Fees | Paid in full before the Effective Date. |
| Office of the U.S. Trustee | Paid in full before the Effective Date. |
| Allowed Administrative Claims (Excluding Ordinary Course Administrative Claims) and Professional Fee Claims | Paid in full on the later of: (1) the Effective Date; or (2) the fifteenth Business Day after such Administrative Claim or Professional Fee Claim becomes an Allowed Administrative Claim or Allowed Professional Fee Claim, or in either case, as soon thereafter as is practicable. |

a.     <u>Administrative Claim Reserve</u>

On the Effective Date, the Reorganized Debtor will fund the Administrative Claims Reserve with sufficient funds to pay all Administrative Claims outstanding as of the Effective Date in full. Distributions will be made to the Holders of Allowed Administrative Claims from the Administrative Claims Reserve. Any amounts remaining in the Administrative Claims Reserve after payment in full of all Allowed Administrative Claims will revert to the Reorganized Debtor.

b.     <u>Administrative Claims Bar Date</u>

All requests for payment of an Administrative Claim that accrued from the Petition Date, except for (1) Ordinary Course Administrative Claims, (2) Clerk's Office and U.S. Trustee fees, and (3) Professional Fee Claims, must be filed with the Court no later than thirty days after the Effective Date (the "Administrative Claims Bar Date") or be forever barred. Within five business days of the Effective Date, the Reorganized Debtor will serve notice of the Administrative Claims Bar Date on all creditors and parties in interest.

c.     <u>Deadline for Objections to Administrative Claims</u>

All objections to allowance of Administrative Claims, excluding Professional Fee Claims, must be filed by any parties in interest no later than sixty (60) days after the Administrative Claims Bar Date (the "Administrative Claims Objection Deadline.") The

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1 Administrative Claims Objection Deadline may be extended for a one-time sixty (60) day

2 period by the Reorganized Debtor by filing a notice of the extended Administrative Claim

3 Objection Deadline with the Bankruptcy Court. Thereafter, it may only be extended by an

4 order of the Bankruptcy Court. If no objection to an Administrative Claim is filed on or

5 before the Administrative Claim Objection Deadline, then the Administrative Claim will be

6 deemed Allowed as of that date.

7         d.     U.S. Trustee Fees

8      Quarterly fees owed to the Office of the U.S. Trustee will be paid prior to the

9 Effective Date by the Debtor, and after the Effective Date by the Reorganized Debtor

10 when due in accordance with applicable law. The Reorganized Debtor will continue to file

11 reports showing the calculation of such fees until the Case is closed under Bankruptcy

12 Code section 350.

13         e.     Professional Fee Claims

14      Any professional seeking allowance of a Professional Fee Claim for services

15 rendered prior to the Effective Date must (1) file their application for allowance of

16 compensation and reimbursement of expenses on or before 45 days after the Effective

17 Date or such other date as may be set by the Bankruptcy Court, and (2) have the fees and

18 expenses allowed by a Final Order. Any party in interest may file an objection to such an

19 application within the time provided by the Local Bankruptcy Rules or within any other

20 period that the Court sets. Professionals holding Professional Fee Claims who do not

21 timely file and serve their applications for payment will be forever barred from asserting

22 these Claims against the Reorganized Debtor or its property.

23      **2.     Priority Tax Claims**

24      Priority Tax Claims include certain unsecured income, employment, and other

25 taxes described by Bankruptcy Code section 507(a)(8). The Bankruptcy Code requires

26 that each Holder of a section 507(a)(8) Priority Tax Claim receive the present value of

27 such Claim in deferred Cash payments, over a period not exceeding five years from the

28 order for relief.

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

The following chart lists the treatment under the Plan for Debtor's § 507(a)(8) Priority Tax Claims:

| Description | Treatment |
| --- | --- |
| Priority Tax Claims Arising Under 11 U.S.C. § 507(a)(8) | Except to the extent that a Holder of an Allowed Priority Tax Claim has been paid by the Debtor prior to the Effective Date or agrees to a less favorable treatment, each Holder of an Allowed Priority Tax Claim shall receive, in full satisfaction of its Claim, Cash in an amount equal to such Allowed Priority Tax Claim on the later of (1) the Effective Date, or (2) the fifteenth Business Day after the Priority Tax Claim becomes an Allowed Priority Tax Claim, or in either case, as soon thereafter as is practicable. |

## B.  Allowance and Treatment of Classified Claims and Interests

### 1.  Secured Claims (Class 1)

Secured Claims are Claims secured by liens on Estate property to the extent that the lien is valid and unavoidable and against property in which the Estate has an interest or that is subject to setoff under 11 U.S.C. § 553. A Claim is secured only to the extent of the value of the claimholder's interest in the collateral that secures the Claim. The following chart summarizes the treatment of any Allowed Secured Claims against the Debtor:

| Class | Description | Impaired | Treatment |
| --- | --- | --- | --- |
| 1 | Allowed Secured Claims | No | In full satisfaction of any Allowed Secured Claims, the Holder of the Allowed Secured Claim will receive either (1) the full amount of the Allowed Secured Claim in Cash on the later of the Effective Date or fifteen business days after the Claim becomes an Allowed Secured Claim or (2) the Collateral securing the Allowed Secured Claim. Any Allowed deficiency balance will be treated in Class 3A. |

### 2.  Priority Non-Tax Claims (Class 2)

Priority Non-Tax Claims are those unsecured claims entitled to priority under 11 U.S.C. § 507(a) other than Tax Claims arising under 11 U.S.C. § 507(a)(8). The Bankruptcy Code requires that each Holder of a Priority Non-Tax Claim receive Cash on the Effective Date equal to the Allowed amount of such Claim. However, a Class of Priority Non-Tax Claims may vote to accept deferred Cash payments of a value, as of the Effective Date of the Plan, equal to the Allowed amount of such Claim.

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

The following chart summarizes the treatment of these Claims:

| Class | Description | Impaired | Treatment |
|-------|-------------|----------|-----------|
| 2 | Priority Non-Tax Claims | No | Except to the extent that a Holder of an Allowed Priority Non-Tax Claim agrees to a less favorable treatment, each Allowed Priority Non-Tax Claim will be paid in full satisfaction of the Priority Non-Tax Claim from funds available to the Reorganized Debtor on the later of (1) the Effective Date or (2) the fifteenth Business Day after such date that the Claim becomes an Allowed Priority Non-Tax Claim or, in either case, as soon thereafter as is practicable. |

## 3. General Unsecured Claims (Class 3)

Class 3 is comprised of all General Unsecured Claims, which are Claims not entitled to priority under Bankruptcy Code section 507(a). The following chart summarizes the Plan's treatment of all Classes containing the Debtor's General Unsecured Claims:

| Class | Description | Impaired | Treatment |
|-------|-------------|----------|-----------|
| 3A | General Unsecured Claims (excluding the TOPrS Claims (Class 3B), and the $176,402,107 of Claims represented by the 7.875% Senior Notes due 2009 (Class 3C)) | No | Except as provided below with respect to the Holder of an Allowed General Unsecured Claim pursuant to the Rampino Stipulation, the Enron Stipulation, the BONY Stipulation or any other settlement, compromise, stipulation or order which provides for treatment that is more or less favorable than the treatment provided for herein, whether in terms of maturity, amortization, interest rate and/or entitlement to interest (prepetition or postpetition) or otherwise, the Holder of an Allowed Class 3A General Unsecured Claim shall retain their legal, equitable, and contractual rights and shall be paid in full on the later of the Effective Date of the Plan or within fifteen business days of becoming an Allowed Class 3A General Unsecured Claim, with prepetition interest and postpetition interest (postpetition interest to be calculated at the federal judgment rate in effect on the Petition Date, which was 2.51%).

The Holder of an Allowed General Unsecured Claim pursuant to the Rampino Stipulation, the Enron Stipulation, the BONY Stipulation or any other settlement, compromise, stipulation or order which provides for treatment that is more or less favorable than the treatment provided for herein, whether in terms of maturity, amortization, interest rate and/or entitlement to interest (prepetition or postpetition) or otherwise, shall be paid in accordance with the underlying compromise, settlement, stipulation or order giving rising to the Allowed Claim, and if no payment date is specified on the later of (1) the Effective Date or (2) the fifteenth Business Day after |

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

| Class | Description | Impaired | Treatment |
|-------|-------------|----------|-----------|
| | | | the Claim becomes an Allowed Claim, or in either case, as soon thereafter as is practicable. |
| 3B | TOPrS Claims | No | The Holders of Allowed TOPrS Claims shall retain their legal, equitable, and contractual rights provided by the Indenture dated as of March 6, 1996. However, if the Court finds at the Confirmation Hearing that the Holders of the Class 3B Claims have demonstrated that a contractual provision or applicable non-bankruptcy law entitles the Holders of TOPrS Claims to demand or receive accelerated payment of their Claims, the Reorganized Debtor will: (1) cure any such default that occurred prepetition, other than a default of a kind specified in 11 U.S.C. § 365(b)(2) or of a kind that § 365(b)(2) does not require to be cured; (2) reinstate the maturity of the Class 3B Claim as such maturity existed prior to the default; (3) compensate the Holders of such Class 3B Claim for any damages incurred as a result of any reasonable reliance by such Holder on such contractual provision or such applicable law; and (4) if such Class 3B Claim arises from any failure to perform a nonmonetary obligation, compensate the Holder of such Class 3B Claim (other than the Debtor or an insider) for the actual pecuniary loss that it suffered as a result of such failure. |
| 3C | General Unsecured Claims of the Holders of the 7.875% Senior Notes | No | The Holders of Allowed Class 3C General Unsecured Claims shall retain their legal, equitable, and contractual rights and, on the Effective Date, will be paid their principal, prepetition interest at the rate set forth in the Senior Notes, and postpetition interest at the federal judgment rate in effect as of the Petition Date, which was 2.51%. |

## 4. Class of Equity Interests (Class 4)

Equity Interest Holders are the parties who hold ownership interests (i.e., Equity Interests) in the Debtor. As of the Petition Date, the Debtor had issued approximately 82,116,179 shares of common stock. The following chart summarizes the treatment of Holders of Equity Interests:

| Class | Description | Impaired | Treatment |
|-------|-------------|----------|-----------|
| 4 | Equity Interests | No | Holders of existing Equity Interests in the Debtor will retain their Equity Interests in the Reorganized Debtor in full and final satisfaction of their Equity Interests. |

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

**5.    Class of Claims Subordinated Under 11 U.S.C. § 510(b) (Class 5)**

Class 5 is comprised of Claims subordinated under 11 U.S.C. § 510(b) because they arise from the rescission of a purchase or sale of a security of the Debtor or an affiliate of the Debtor, for damages arising from the purchase or sale of such a security, or for reimbursement or contribution on account of such a claim.  The following chart describes the treatment provided for Holders of Class 5 Claims under the Plan:

| Class | Description | Impaired | Treatment |
|-------|-------------|----------|-----------|
| 5 | Section 510(b) Claims | No | The Holders of Allowed Section 510(b) Claims will retain their legal, equitable, and contractual rights and, pursuant to Section 510(b), will receive newly-issued interests in the Reorganized Debtor in full and final satisfaction of their Allowed Section 510(b) Claims. The percentage interest of common stock to which such Holders will be entitled shall be based upon the average trading value of the common stock of the shares of the Reorganized Debtor for the thirty days preceding the date on which any Section 510(b) Claims become Allowed Section 510(b) Claims if such allowance occurs after the Effective Date. |

The Equity Committee believes that the issuance of interests in the Reorganized Debtor to the Holders of Allowed Class 5 Claims pursuant to the Plan will satisfy the applicable requirements of section 1145(a)(1) of the Bankruptcy Code, and that such issuance should be exempt from registration under the Securities Act and any applicable Blue Sky Law.  The issuance of interests will be entirely in exchange for Claims or Equity Interests.

**C.    Executory Contracts and Unexpired Leases**

Effective upon Confirmation of the Plan, the Debtor will reject all executory contracts and unexpired leases between the Debtor and any other party that have not previously been rejected, other than the Executive Employment Agreements and those executory contracts and unexpired leases which are listed on the final schedule to be filed twenty-one (21) days before the Confirmation Hearing Date with the Bankruptcy Court of executory contracts and unexpired leases to be assumed under the Plan at confirmation. That schedule will list the amount of the proposed cure payment required by 11 U.S.C. § 365(b)(1).

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1    Any party that objects to the assumption of its executory contract or unexpired
2    lease by the Debtor or to the proposed cure payment must file with the Court and serve on
3    interested parties a written objection with supporting evidence that states the basis for the
4    objection.  This objection must be filed with the Court and served no later than ten (10)
5    days before the Confirmation Hearing.  Any entity that fails to timely file and serve an
6    opposition will be deemed to have waived any and all objections to the proposed
7    assumption or the amount of the proposed cure payment.  In the absence of a timely
8    objection by such a party, the Confirmation Order shall constitute a final determination of
9    the amount of the cure payment and that the Reorganized Debtor has shown adequate
10   assurances of its future performance.

11   In the event of a dispute regarding the cure payment, adequate assurances, or
12   some other matter related to assumption, the cure payment required by 11 U.S.C. §
13   365(b)(1) shall not be made until after entry of a Final Order resolving the dispute and
14   approving the assumption.  Pending the entry of a Final Order, the executory contract or
15   unexpired lease at issue will be deemed assumed by the Reorganized Debtor unless
16   otherwise ordered by the Court.  Upon payment of the cure amount required by 11 U.S.C.
17   § 365(b)(1), any prepetition or postpetition arrearage or other Claim asserted in a Filed
18   proof of Claim or listed in the Schedules shall be deemed satisfied in full and the Claim
19   shall be deemed disallowed, without further order of the Court or action by any party.

20   All Allowed Claims arising from the rejection of executory contracts or unexpired
21   leases will be treated as Class 3A General Unsecured Claims, and a proof of claim must
22   be filed with the Bankruptcy Court and served on the Reorganized Debtor within thirty
23   days of the Effective Date of the Plan or be forever barred and unenforceable against the
24   Debtor, the Reorganized Debtor, or their property.

25       **D.**    **Means of Effectuating the Plan**
26             **1.**    **Merger**
27   On the Effective Date of the Plan, the following two-step merger will occur:  first,
28   FGCC will merge into the Reorganized Debtor or the Debtor, as the case may be, and

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1 | then FRC will merge into the Reorganized Debtor or the Debtor, again as the case may
2 | be. The resulting entity will be the Reorganized Debtor. As provided under applicable
3 | law, this merger will be caused by the issuance of a resolution by the appropriate board of
4 | directors and the appropriate board of directors will take all necessary steps required of it
5 | to effectuate the merger. The Reorganized Debtor will then continue to operate its
6 | business in the ordinary course and will perform its obligations under the Plan.

7 | On the asset side, the effect of the merger will be that the assets of the Debtor,
8 | FGCC, and FRC will become assets of the Reorganized Debtor. On the liability side, any
9 | existing liabilities of FGCC and FRC that are outstanding as of the date of the merger will
10 | become obligations of the Reorganized Debtor. The liabilities of FGCC and FRC will be
11 | assumed and satisfied by the Reorganized Debtor in the ordinary course of business in
12 | accordance with applicable non-bankruptcy law and are not classified or treated as Claims
13 | under the Plan. The stock of FGCC and FRC will be cancelled and all intercompany
14 | claims between the Debtor, FGCC, and FRC will be eliminated.

15 |     **2.**     **Termination of the Fremont General Financing Declaration of**
16 |                 **Trust**

17 | On the Effective Date and after payment of any required fees, the Fremont General
18 | Financing Declaration of Trust will be terminated and dissolved and the Junior Notes
19 | presently held by Fremont General Financing I will instead be distributed pro rata to the
20 | Holders of the TOPrS Claims and each Holder of a TOPrS Claim shall be deemed to have
21 | an Allowed Class 3B General Unsecured Claim.

22 |     **3.**     **Postconfirmation Business Operations of the Reorganized**
23 |                 **Debtor**

24 | Although the immediate goal of the Plan is obviously to provide a source for full
25 | repayment of Claims against the Debtor after appropriate reserves for contingent and
26 | noncontingent claims of FGCC and FRC, the long-term strategy is to utilize the assets of
27 | the Reorganized Debtor to invest in business opportunity areas including (i) purchase a
28 | bank or a bank charter to form a platform for a roll-up of community bank acquisitions, (ii)

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1 | purchase, work-out and sale of distressed loans, (iii) fund and service hard money
2 | mortgages with a conservative loan to cost ratio, and (iv) develop a middle-market asset-
3 | based lending platform.

### 4. The Reorganized Debtor's Management Team

5 | On the Effective Date of the Plan, the existing board of directors for the Debtor will
6 | be replaced by a new 7-member board of directors (the "New Board"). The New Board
7 | will be comprised of the following members: (1) Frank E. Williams, Jr., a current member
8 | of the Equity Committee; (2) William M. Stern, a current member of the Equity Committee;
9 | (3) John M. Koral, a current member of the Equity Committee; (4) Steven J. Schwartz or
10 | other Equity Committee designee; (5) Jacques Rebibo, a capital partner of Ategra Capital
11 | Management, LLC, or other Equity Committee designee; (6) a designee of the Equity
12 | Committee; and (7) Don Royer, the present general counsel of the Debtor, should he elect
13 | to accept, or other Equity Committee designee. The Equity Committee shall have the
14 | right to appoint fewer or additional directors to the New Board through the Effective Date
15 | of the Plan as it deems appropriate. In addition, the Holders of Class 3B Claims will be
16 | entitled to select one additional non-voting New Board member of the Reorganized Debtor
17 | who will have observation rights. The New Board will immediately commence interviewing
18 | for a new chief executive officer of the Reorganized Debtor. The New Board will be
19 | assisted in this effort by Ategra Capital Management, LLC ("Ategra"). Ategra is the
20 | investment manager for the Ategra Community Financial Institution Fund, L.P., which is
21 | an investment pool held primarily by current and former directors, chief executive officers,
22 | and managers of community banks. Additional senior management will be determined by
23 | the new chief executive officer. The new chief executive officer and management team of
24 | the Reorganized Debtor will be designated at or prior to the Confirmation Hearing Date.
25 | The cash flow projections in support of the Plan have allocated $1.5 million per year for
26 | salaries and benefits for senior management of the Reorganized Debtor. It is
27 | contemplated that monies will be immediately available to the Reorganized Debtor as a
28 |

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

1  result of the merger with FRC in an amount sufficient to allow the Plan Effective Date to

2  occur and to fund payments under the Plan.

3      Richard Sanchez, Don Royer and Thea Stuedli (the "Remaining Executives") have

4  not agreed, at this point, to continued employment by the Reorganized Debtor under the

5  terms of the Executive Employment Agreements or otherwise, although the Equity

6  Committee intends to seek assumption of the Executive Employment Agreements.

7      **5.    The Short-Term Strategy**

8      In the short-term, the Reorganized Debtor intends to increase the yield on its Cash

9  investments by purchasing mortgage-backed securities and other related financial

10  products with a target return of 6% and is in the process of analyzing various proposals

11  that it has received with respect to such investments.

12      At present the Debtor is classified as a "reporting company" for purposes of the

13  1934 Securities and Exchange Act.  The Debtor previously determined that the Debtor

14  was unable to file its Quarterly Report on Form 10-Q for the quarter ended March 31,

15  2009 by the May 15, 2009 due date and the Debtor was not able to make that filing within

16  the fifteen-day extension permitted by the rules of the SEC.  A similar disclosure has been

17  made regarding the Annual Report on Form 10-K for the fiscal year ended December 31,

18  2007 and 2008 in addition to the Quarterly Report on form 10-Q for the quarters ended

19  March 31, 2008, June 30, 2008 and September 30, 2008.

20      While it implements this short-term strategy, the Reorganized Debtor will remain a

21  public company trading on the pink sheets.  The Reorganized Debtor will seek a waiver

22  from the SEC of filing and past due reporting requirements and begin reporting anew

23  commencing with its Form 10-Q for the first quarter in which the Plan goes effective,

24  which is anticipated to be the first quarter of 2010, and for each quarter thereafter.  In the

25  event that the Reorganized Debtor is unable to obtain the requested waiver, the

26  Reorganized Debtor will come current in its SEC reporting requirements.

27      In July 2010, the Reorganized Debtor intends to make its first strategic acquisition,

28  with the goal being to have that investment opportunity assume the present accounting,

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

finance, and treasury matters in July 2010, with non-senior management gradually reduced from an estimated head count of 18 in late 2009 to 5 through 2011 and zero in 2013.

### 6. The Long-Term Strategy

The long-term strategy is to utilize the Reorganized Debtor's assets to invest in business opportunity areas including (i) purchase a bank or a bank charter to form a platform for a roll-up of community bank acquisitions, (ii) purchase, work-out and sale of distressed loans, (iii) fund and service hard money mortgages with a conservative loan to cost ratio, and (iv) develop a middle-market asset-based lending platform. The activities will target after-tax returns of 20-25%, although the Plan assumes only a 15% return on invested capital. It is contemplated that separate subsidiaries would be established post-confirmation for each of the businesses.

### a. Community Bank

Ategra, which specializes in advisory and investment banking to community banks, and Danielson Associates, its affiliate, will assist the Reorganized Debtor in identifying potential acquisition targets, primarily on the East Coast. There are active discussions on the acquisition of three community banks, subject to regulatory approval. Once a community bank is acquired, it will bid on and acquire deposits in FDIC auctions. The Reorganized Debtor would complete its first acquisition in July 2010.

### b. Distressed Loans

The Reorganized Debtor will also pursue the identification, purchase, work-out and sale of distressed loans primarily in the commercial and residential real estate area.

### c. Hard Money Mortgages

The Reorganized Debtor will also pursue the under-served market of loans to the residential builder market. The Reorganized Debtor would fund and service short-term mortgages with a conservative loan to cost ratio of approximately 50%.

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

d.      Asset-Based Financing

Given the current financial difficulties being experienced by CIT in this under-served market, the Reorganized Debtor will pursue asset-based financing.  The Reorganized Debtor would fund and service these types of loans to small and middle-market companies.

**7.      Insurance Policies**

Westchester Surplus Lines Insurance Company ("WSLIC") and Pacific Employers Insurance Company ("PEIC") are members of the ACE Group of companies.  Prepetition, WSLIC issued to the Debtor a claims made directors and officers excess liability insurance policy for claims made against the insured for wrongful acts committed before December 31, 2014 (the "WSLIC Policy").  PEIC issued prepetition to the Debtor high-deductible workers compensation occurrence policies for the calendar years 2000, 2001, 2002, and possibly additional years (the "PEIC Policies").  The WSLIC Policy and the PEIC Policy are together referred to as the "ACE Policies."  Unless rejected pursuant to the Plan, in which case Claims will be treated solely as set forth in the Plan, nothing in the Disclosure Statement, the Plan, the Confirmation Order, any exhibit to the Plan or any other Plan document (together, the "Plan Documents") (including any provision that purports to be preemptory or supervening), shall in any way operate to, or have the effect of, impairing in any respect the legal, equitable, or contractual rights and defenses, if any, of the insured or the insurer with respect to the ACE Policies or any prepetition agreement with the Debtor related to any of the ACE Policies (the "ACE Policies and Related Agreements").  Unless rejected pursuant to the Plan, in which case the terms of the Plan shall govern, the rights and obligations of the insured and insurer shall be determined under the ACE Policies and Related Agreements and under applicable nonbankruptcy law.  Any assumption in the Plan Documents of the ACE Policies and Related Agreements will not enlarge the prepetition rights of the insured or insurers thereunder.

## E.    Retention of Jurisdiction

The Bankruptcy Court will retain jurisdiction of all matters arising in or related to the Plan to the fullest extent provided by law until the Plan is fully consummated, including, without limitations:

1. The adjudication of the validity, scope, classification, allowance, and disallowance of any Claim;

2. The estimation of any Claim;

3. The allowance or disallowance of Professional Fee Claims, compensation, or other Administrative Claims;

4. To hear and determine Claims concerning taxes pursuant to Bankruptcy Code sections 346, 505, 525, and 1146;

5. To hear and determine any action or proceeding brought under Bankruptcy Code sections 108, 510, 543, 544, 545, 547, 548, 549, 550, 551, and 553;

6. To hear and determine all actions and proceedings relating to pre-confirmation matters;

7. To hear and determine any issue relating to the assumption or rejection of executory contracts and unexpired leases;

8. To hear and determine any modification to the Plan in accordance with the Bankruptcy Rules and the Bankruptcy Code;

9. To enforce and interpret terms of the Plan;

10. To correct any defects, cure any omissions, or reconcile any inconsistency in the Plan or the Confirmation Order as may be necessary to carry out the purpose and intent of the Plan;

11. To hear and determine such matters and make such orders as are consistent with the Plan as may be necessary to carry out the provisions thereof and to adjudicate any disputes arising under or related to any order entered by the Court in this Case; and

12. The entry of an order concluding and terminating this Case.

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Smiley, Weiland, Golden,
Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

F.    <u>Claims</u>

The Reorganized Debtor or any other party in interest shall file objections to Claims or Equity Interests within 180 days of the Effective Date. The Reorganized Debtor may obtain an extension of this date by filing a motion in the Bankruptcy Court, based upon a showing of "cause." If, at the time of any Distribution, a Claim or Equity Interest under the Plan is a Disputed Claim or Disputed Equity Interest, the Reorganized Debtor shall have the right to hold in trust any funds that would be distributed to that Claim Holder or Equity Interest Holder if the Claim or Equity Interest were Allowed and until the Claim or Equity Interest is Allowed, if at all (the "Reserve Account"). Any unused funds in the Reserve Account, not otherwise designated for payout under the Plan, shall be returned to the Reorganized Debtor for use under the Plan, if required, and then to the Reorganized Debtor. Once a Claim or Equity Interest becomes an Allowed Claim or Equity Interest, it will receive the treatment afforded by the Plan.

G.    <u>The Committees</u>

Until the Effective Date, the Equity Committee and Creditors Committee shall continue in existence. As of the Effective Date, the Equity Committee and Creditors Committee shall terminate and disband and the members of the Equity Committee and the Creditors Committee shall be released and discharged of and from all further authority, duties, responsibilities and obligations related to and arising from their service as Committee members. Except as otherwise provided in the Plan or Court order, the prohibition on members of the Equity Committee from trading their respective Equity Interests shall cease as of the Confirmation Date.

III.   <u>MISCELLANEOUS PROVISIONS GOVERNING DISBURSEMENTS</u>

A.    <u>Dates of Distributions</u>

The Reorganized Debtor shall make each required Distribution by the date stated in the Plan with respect to such Distribution. Any Distribution required to be made on the Effective Date shall be deemed to be made on such date if made as soon as practicable

1 after such date. Any Distribution required to be made on the date on which a Claim
2 becomes an Allowed Claim shall be deemed to be made on such date if made on the
3 nearest Distribution Date occurring after such date.

### B. Manner of Distribution

5 At the option of the Reorganized Debtor, monetary Distributions may be made in
6 Cash, by wire transfer, or by a check drawn on a domestic bank.

### C. Undeliverable Distributions

8 Distributions to Holders of Allowed Claims will be sent to the last known address
9 set forth on such Holder's proof of Claim filed with the Court, or on the Schedules, if no
10 proof of Claim has been filed. Holders of Claims may change the address to which
11 Distributions will be sent by filing a written change of address with the Court and serving a
12 copy of the change of address on the Reorganized Debtor. If a Distribution is returned to
13 the Reorganized Debtor as undeliverable, the Reorganized Debtor shall hold such
14 Distribution and shall not be required to take any further action with respect to the delivery
15 of the Distribution unless and until the Reorganized Debtor is notified in writing of the then
16 current address of the Person entitled to receive the Distribution. Unless and until the
17 Reorganized Debtor is so notified, such Distribution shall be deemed to be "Unclaimed
18 Property" and shall be dealt with in accordance with Section III.F. of the Plan.

### D. Rounding of Payments

20 Whenever payment of a fraction of a cent would otherwise be called for, the actual
21 payment shall reflect a rounding down of such fraction to the nearest whole cent. To the
22 extent Cash remains undistributed as a result of the rounding of such fraction to the
23 nearest whole cent, such Cash shall be treated as "Unclaimed Property" and shall be
24 dealt with in accordance with Section III.F. of the Plan.

### E. Compliance with Tax Requirements

26 The Reorganized Debtor shall comply with all withholding and reporting
27 requirements imposed by federal, state, or local taxing authorities in connection with
28 making Distributions pursuant to the Plan.

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1     In connection with each Distribution with respect to which the filing of an

2 information return (such as an Internal Revenue Service Form 1099 or 1042) or

3 withholding is required, the Reorganized Debtor shall file such information return with the

4 Internal Revenue Service and provide any required statements in connection therewith to

5 the recipients of such Distribution, or effect any such withholding and deposit all moneys

6 so withheld to the extent required by law. With respect to any Person from whom a tax

7 identification number, certified tax identification number, or other tax information required

8 by law to avoid withholding has not been received by the Reorganized Debtor, then the

9 Reorganized Debtor may, at its sole option, withhold the amount required and distribute

10 the balance to such Person or decline to make such Distribution until the information is

11 received.

12     **F.**    **Distribution of Unclaimed Property**

13     If a Distribution is returned to the Reorganized Debtor as undeliverable, then such

14 Distribution amount shall be deemed to be "Unclaimed Property." Nothing contained in

15 the Plan shall require the Reorganized Debtor, or anyone else, to attempt to locate such

16 Person. The Unclaimed Property shall be set aside and (in the case of Cash) held in a

17 segregated interest-bearing account to be maintained by the Reorganized Debtor. If such

18 Person presents itself within one (1) year following the Effective Date, the Unclaimed

19 Property distributable to such Person, together with any interest or dividends earned

20 thereon, shall be paid or distributed to such Person. If such Person does not present itself

21 within one (1) year following the Effective Date, any such Unclaimed Property and

22 accrued interest or dividends earned thereon shall become the property of the

23 Reorganized Debtor for use under the Plan, if required, then to the Reorganized Debtor.

24     **G.**    **No De Minimis Distributions**

25     If any single distribution required by the Plan would be for an amount of $5.00 or

26 less, then the Reorganized Debtor shall not be required to process the distribution and

27 may, at its option, either add the distribution to the next distribution if the collective amount

28

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

1 would be greater than $5.00 or may treat the distribution as Unclaimed Property in

2 accordance with Section III.F. of the Plan.

**H.** **Setoff**

4      Any Claims of any nature which the Debtor or the Estate may have against the

5 Holder of a Claim may be, but are not required to be, set off against any Claim and the

6 Distribution to be made pursuant to the Plan in respect of such Claim.  Neither the failure

7 by the Reorganized Debtor or any other Person to effect such a setoff nor the allowance

8 of any Claim shall constitute a waiver or a release of any claim which any or all of the

9 foregoing may have against the Holder of a Claim.

**I.** **Exculpation Provision**

11      Except to the extent arising from willful misconduct or gross negligence, any and all

12 Claims, liabilities, Causes of Action, rights, damages, costs, and obligations held by any

13 party against the Equity Committee, and its respective members, attorneys, accountants,

14 advisors, agents, and other professionals, and their officers, directors, and employees,

15 whether known or unknown, matured or contingent, liquidated or unliquidated, existing,

16 arising, or accruing, whether or not yet due, in any manner related to the postpetition

17 administration of this Case or the formulation, negotiation, solicitation or implementation of

18 the Plan, shall be deemed fully waived, barred, released, and discharged as long as the

19 conduct was done in good faith and in compliance with the applicable provisions of the

20 Bankruptcy Code.  This provision does not apply to rights, obligations, duties, claims, and

21 responsibilities preserved, created, or established under the Plan.

22

23 **IV.** **EFFECT OF CONFIRMATION OF PLAN**

24     **A.** **Discharge**

25      The rights under the Plan and the treatment of Claims and Equity Interests under

26 the Plan will be in exchange for, and in complete satisfaction, discharge, and release of all

27 Claims and Equity Interests of any nature whatsoever against the Debtor, the

28

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  Reorganized Debtor, or their property. Except as otherwise provided in the Plan or the

2  Confirmation Order,

3       (1)    On the Effective Date, the Debtor, the Debtor's Estate, Reorganized Debtor,

4  and their property will be deemed discharged and released from any and all Claims and

5  Equity Interests, including without limitation, all demands, liabilities, Claims, and Equity

6  Interests that arose before the Confirmation Date or that are based upon or otherwise

7  relate to acts, events, omissions, transactions or other activities of any kind that occurred

8  before the Confirmation Date, and all debts of the kind specified in Bankruptcy Code

9  §§ 502(g), 502(h), or 502(i) regardless of whether: (a) a proof of Claim or proof of Equity

10  Interest based on such debt or Equity Interest is filed or deemed filed; (b) a Claim or

11  Equity Interest based on such debt or Equity Interest is allowable under Bankruptcy Code

12  § 502; or (c) the Person holding the Claim or Equity Interest based on such a debt or

13  Interest has accepted the Plan;

14       (2)    All Persons will be precluded from asserting against the Debtor, the Estate,

15  or the Reorganized Debtor, or their property, any other or further Claims or Equity

16  Interests based on, arising from, or in connection with any act, event, omission,

17  transaction, or other activity of any kind that occurred before the Confirmation Date;

18       (3)    Any debt of the Debtor, whether secured or unsecured, which was in default

19  up to the Confirmation, will no longer be deemed in default. Moreover, to the extent that

20  the Debtor and Reorganized Debtor comply with the terms and conditions of the Plan,

21  these obligations will be deemed in good standing;

22       (4)    As set forth in sections 524 and 1141 of the Bankruptcy Code, except as

23  otherwise provided in the Plan or the Confirmation Order, the Confirmation Order

24  constitutes a discharge or any and all Claims against, and all debts and liabilities of, the

25  Debtor. The Reorganized Debtor and its property will be deemed discharged and

26  released from any and all Claims and Equity Interests, including, without limitation, all

27  demands, liabilities, Claims and Equity Interests that arose before the Confirmation Date

28  or that are based on or otherwise relate to acts, events, transactions, or other activities of

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

any kind that occurred before the Confirmation Date. This discharge will void any judgment that was obtained against the Debtor at any time only to the extent that the judgment relates to a discharged Claim.

(5)     Subject to the limitations and conditions imposed under section 1125(e) of the Bankruptcy Code, Persons who, in good faith and in compliance with applicable provisions of the Bankruptcy Code, either solicit Plan acceptances or rejections or participate in the offer, issuance, sale, or purchase of securities under the Plan will not be liable on account of their solicitation or participation for violation of any applicable law, rule, or regulation governing the solicitation of Plan acceptances or rejections or the offer, issuance, sale, or purchase of such securities.

Notwithstanding the foregoing, nothing in the Plan, or in any Order confirming the Plan, shall preclude any party from pursuing their claims against the Debtor solely to the extent of available insurance coverage and proceeds or preclude any party from seeking discovery from the Debtor or the Reorganized Debtor as may be permitted by applicable law, and to the extent of available insurance (and to that extent only), such claims shall not be discharged and released. Moreover, nothing in the Plan or the Confirmation Order shall affect, release, enjoin, or impact in any way the prosecution of any claims asserted or to be asserted against any non-Debtor, including any non-Debtor defendants.

**B.     Vesting of Property of the Estate**

On the Effective Date, all Assets that are property of the Estate as of the Effective Date, including all Causes of Action, Rights of Action and Avoidance Actions, will vest in the Reorganized Debtor free and clear of the Claims of any Creditors.

**C.     Modification of Plan**

The Equity Committee may modify the Plan at any time before confirmation. However, the Court may require a new disclosure statement and/or re-voting on the Plan.

The Equity Committee may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated and (2) the Court authorizes the proposed modifications after notice and a hearing.

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

### D. Post-Confirmation Status Report

Within 120 days of the Confirmation Date, the Reorganized Debtor shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan. The status report shall be served on the United States Trustee and the members of the Committees. Further status reports shall be filed every 180 days and served on the same entities.

### E. Post-Confirmation United States Trustee Fees

Pursuant to 28 U.S.C. § 1930(a)(6), quarterly fees to the United States Trustee will continue to be due until the bankruptcy case is closed, dismissed, or converted to Chapter 7, at the rate in effect at the time such fees are due. Such fees shall be paid by the Reorganized Debtor.

### F. Post-Confirmation Conversion/Dismissal

A creditor or party in interest may bring a motion to convert or dismiss the case under 11 U.S.C. § 1112(b), after the Plan is confirmed, if there is a default in performing the Plan. If the Court orders the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 Estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7 estate. The automatic stay will be reimposed upon the revested property, but only to the extent that relief from stay was not previously authorized by the Court during this case.

The Confirmation Order may also be revoked under very limited circumstances. The Court may revoke the order if the order was procured by fraud and if a party in interest brings an adversary proceeding to revoke confirmation within 180 days after the Confirmation Date.

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

SECOND AMENDED PLAN

1   **G.    Final Decree**

2          Upon substantial consummation of the Plan and the occurrence of the Effective

3   Date, the Estate shall be deemed fully administered as referred to in Bankruptcy Rule

4   3022, and the Reorganized Debtor shall file a motion with the Court to obtain a final

5   decree to close the Reorganization Case.

6

7   Dated:  September **15**, 2009                WEILAND, GOLDEN,
                                                SMILEY, WANG EKVALL & STROK, LLP
8

9                                               By: _Philip E. Strok_____

10                                              PHILIP E. STROK
                                                Attorneys for the Official Committee
11                                              of Equity Holders

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

## DEFINITIONS

The following Defined Terms (which appear in this Plan as capitalized terms), when used in this Plan, have the meanings set forth below:

**"Administrative Claim"** means a claim for administrative costs or expenses that are allowable under Bankruptcy Code section 503(b) or 28 U.S.C. § 1930. These costs or expenses may include: (a) actual, necessary costs and expenses of preserving the Debtor's Estate after the Petition Date; (b) Ordinary Course Administrative Claims; (c) Professional Fee Claims; (d) Administrative Tax Claims; and (e) U.S. Trustee Fees.

**"Administrative Tax Claim"** means a Claim that a governmental unit asserts against the Debtor for taxes or related interest or penalties, which Claim is entitled to priority and allowable under Bankruptcy Code section 503(b).

**"Allowed Administrative Claim"** means an Administrative Claim that is allowed by a Final Order.

**"Allowed Claim"** or **"Allowed Equity Interest"** means a Claim or Equity Interest, other than an Administrative Claim, to the extent that:

    (a)    Either: (1) a proof of claim or proof of interest was timely filed prior to the Claims Bar Date; or (2) a proof of claim or proof of interest is deemed timely filed either under Bankruptcy Rule 3003(b)(1)-(2) or by a Final Order; <u>and</u>

    (b)    Either: (1) the Claim or Equity Interest is not a Disputed Claim or a Disputed Equity Interest; or (2) the Claim or Equity Interest is allowed either by a Final Order or under the Plan.

Any portion of a Claim that is satisfied or released during the Case is not an Allowed Claim.

**"Allowed Class '__' Claim"** means an Allowed Claim classified in the specified Class.

**"Assets"** means all assets of the Debtor's Estate including "property of the estate" as described in section 541 of the Bankruptcy Code.

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

24

SECOND AMENDED PLAN

Welland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626-7058
Tel 714-966-1000  Fax 714-966-1002

1     **"Avoidance Action"** means an adversary proceeding, lawsuit or other proceeding

2 with respect to Causes of Action arising under, relating to, or similar to Bankruptcy Code

3 sections 502(d), 506, 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, 552 or 553, or

4 any fraudulent conveyance, fraudulent transfer or preference laws, or any Cause of Action

5 arising under, or relating to, any similar state law or federal law that constitutes property of

6 the Estate under Bankruptcy Code section 541, whether or not an action is initiated on or

7 before the Effective Date.

8     **"Bankruptcy Code"** means title 11 of the United States Code, 11 U.S.C. §§ 101-

9 1532, as now in effect or hereafter amended.

10     **"Bankruptcy Court"** means the United States Bankruptcy Court for the Central

11 District of California, Santa Ana Division.

12     **"Bankruptcy Rules"** means, collectively, (a) the Federal Rules of Bankruptcy

13 Procedure promulgated under 28 U.S.C. § 2075, as amended from time to time; and

14 (b) the Local Bankruptcy Rules applicable to cases pending before the Bankruptcy Court,

15 as now in effect or hereafter amended.

16     **"Bankruptcy Schedules"** means the Schedules of Assets and Liabilities and

17 Statement of Financial Affairs filed by the Debtor in the Case, as may have been

18 amended from time to time.

19     **"Business Day"** means any day other than a Saturday, Sunday or a legal holiday

20 (as defined in Bankruptcy Rule 9006(a)).

21     **"Case"** means the case under chapter 11 of the Bankruptcy Code commenced by

22 the Debtor and bearing Case Number 8:08-bk-13421-ES.

23     **"Cash"** means cash or cash equivalents including, but not limited to, bank

24 deposits, checks or other similar items.

25     **"Causes of Action"** means any and all claims, demands, rights, actions, Rights of

26 Action, causes of action and suits of the Debtor or the Estate, of any kind or character

27 whatsoever, known or unknown, suspected or unsuspected, whether arising prior to, on or

28 after the Petition Date, in contract or in tort, at law or in equity or under any other theory of

law, that the Debtor or the Debtor's Estate has or asserts or may have or assert against third parties, whether or not brought as of the Effective Date, and which have not been settled or otherwise resolved by Final Order as of the Effective Date, including but not limited to (1) rights of setoff, counterclaim or recoupment, and claims on contracts or for breaches of duties imposed by law, (2) the right to object to claims or interests, (3) such claims and defenses as fraud, mistake, duress and usury, (4) Avoidance Actions, (5) claims for tax refunds (6) claims to recover outstanding accounts receivable, (7) such claims and defenses as alter ego and substantive consolidation, and (8) any other claims which may be asserted against third parties.

**"Claim"** means a claim—as the term "claim" is defined in Bankruptcy Code section 101(5)—against the Debtor.

**"Claims Bar Date"** means (a) with respect to Claims other than those held by governmental units, November 10, 2008, which was the last date for filing Claims against the Estate pursuant to the Court's Order entered on September 4, 2008; and (b) with respect to Claims held by governmental units, December 15, 2008.

**"Claims Objection Deadline"** means the deadline for the Reorganized Debtor and parties in interest to file objections to Claims as set forth herein.

**"Class"** means a group of Claims or Equity Interests as classified in Section II.

**"Collateral"** means property, or an interest in property, of the Estate that is encumbered by a Lien to secure payment or performance of a Claim.

**"Confirmation"** means the entry of the Order by the Bankruptcy Court confirming the Plan pursuant to section 1129 of the Bankruptcy Code.

**"Confirmation Date"** means the date on which the Bankruptcy Court enters the Confirmation Order on its docket.

**"Confirmation Hearing"** means the hearing before the Court to consider the confirmation of the Plan pursuant to Bankruptcy Code section 1128(a), as such hearing may be continued from time to time.

Smiley, Wang Ekvall & Strok, LLP
Weiland, Golden,
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  **"Confirmation Hearing Date"** means the first date on which the Bankruptcy Court
2  holds the Confirmation Hearing.

3  **"Confirmation Order"** means the order of the Bankruptcy Court confirming this
4  Plan under Bankruptcy Code section 1129.

5  **"Court"** means the Bankruptcy Court or any other court that exercises competent
6  jurisdiction over the Case.

7  **"Creditor"** means the Holder of a Claim against the Debtor.

8  **"Creditors Committee"** means the Official Committee of Unsecured Creditors
9  appointed in the Case by the Office of the U.S. Trustee for the Central District of
10  California.

11  **"Debtor"** means Fremont General Corporation, a Nevada corporation.

12  **"Defined Term"** means any capitalized term that is defined in this section.

13  **"Disclosure Statement"** means the disclosure statement relating to the Plan,
14  including, without limitation, all exhibits and schedules thereto, as approved by the
15  Bankruptcy Court pursuant to Bankruptcy Code section 1125.

16  **"Disclosure Statement Order"** means the Order entered by the Bankruptcy Court
17  approving the Disclosure Statement.

18  **"Disputed Amount"** means the lesser of (a) the liquidated amount set forth in the
19  proof of claim filed with the Bankruptcy Court relating to a Disputed Claim, (b) if the
20  Bankruptcy Court has estimated such Disputed Claim pursuant to section 502(c) of the
21  Bankruptcy Code, the amount of a Disputed Claim as estimated by the Bankruptcy Court,
22  and (c) the amount of such Disputed Claim allowed by the Bankruptcy Court pursuant to
23  section 502 of the Bankruptcy Code, or zero, if such Disputed Claim is disallowed by the
24  Bankruptcy Court pursuant to such section, in either case, regardless of whether the order
25  or judgment allowing or disallowing such Claim has become a Final Order.

26  **"Disputed Claim"** means any Claim: (a) as to which a proof of claim has been filed
27  and the dollar amount of such Claim, respectively, is not specified in a fixed amount;
28  (b) prior to the deadline to object to such Claim, as to which a proof of claim has been filed

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

1  and the dollar amount of such Claim is specified in a fixed liquidated amount, the extent to

2  which the stated amount of such Claim exceeds the amount of such Claim listed in the

3  Schedules; (c) prior to the deadline to object to such Claim, as to which a proof of claim

4  has been filed and such Claim is not included in the Schedules; (d) with respect to a proof

5  of claim that is filed or is deemed filed under Bankruptcy Rule 3003(b)(1) and is listed as

6  contingent, disputed or unliquidated; (e) as to which an objection has been filed or is

7  deemed to have been filed pursuant to any order approving procedures for objecting to

8  Claims and such objection has neither been overruled nor been denied by a Final Order

9  and has not been withdrawn; or (f) with respect to an Administrative Claim, as to which an

10  objection: (1) has been timely filed (or the deadline for objection to such Administrative

11  Claim has not expired) and (2) has neither been overruled nor been denied by a Final

12  Order and has not been withdrawn; provided, however, that in each case, a Claim or

13  Administrative Claim shall not be deemed to be a Disputed Claim to the extent that the

14  Reorganized Debtor otherwise agrees with any such Claim or Administrative Claim, and

15  such Claim or Administrative Claim is Allowed under the Bankruptcy Code or by Final

16  Order, as applicable.

17  **"Disputed Equity Interest"** means any Equity Interest, as to which (a) an

18  objection has been timely filed, which has neither been overruled nor been denied by a

19  Final Order and has not been withdrawn or (b) is the subject of a filed Cause of Action that

20  is related to such Equity Interest which has not been settled or otherwise resolved by Final

21  Order.

22  **"Distribution(s)"** means any transfer under the Plan of Cash or other property or

23  instruments to a Holder of an Administrative Claim, a Holder of an Allowed Claim, or to the

24  Holder of an Equity Interest.

25  **"Effective Date"** shall means the first Business Day occurring ten (10) days after

26  entry of the Confirmation Order.  However if the effectiveness of the Confirmation Order is

27  stayed other than by operation of Bankruptcy Rule 3020(e), then the Effective Date shall

28

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626
Tel 714-966-1000  Fax 714-966-1002

1 mean the first Business Day occurring ten (10) days after the lifting of any such stay of the

2 Confirmation Order.

3     **"Equity Committee"** means the Official Committee of Equity Security Holders

4 appointed in the Case by the Office of the U.S. Trustee for the Central District of

5 California.

6     **"Equity Interest"** means the interest—as the term "interest" is defined in

7 Bankruptcy Code section 101(17)—of any entity who holds an equity security in the

8 Debtor no matter how held, including issued and outstanding shares of common stock,

9 preferred stock, stock options, warrants, membership interests, or other evidence of

10 interests in securities of the Debtor; provided, however, that in no event shall the TOPrS

11 Claims be considered "Equity Interests."

12     **"Equity Interest Holder(s)"** means the record Holder of an Equity Interest.

13     **"Estate"** means the estate created in the Case under Bankruptcy Code

14 section 541.

15     **"FGFI Trust"** means Fremont General Financing I, a statutory business trust,

16 formed under Delaware law pursuant to that certain "Amended and Restated Declaration

17 of Trust" dated as of March 6, 1996, for the sole purpose of issuing securities representing

18 undivided beneficial interests in the FGFI Trust's assets.

19     **"Final Order"** means an order or judgment of the Court or other applicable court,

20 as entered on the applicable docket, that has not been reversed, stayed, modified or

21 amended, and as to which the time to appeal, petition for certiorari, or move for

22 reargument or rehearing has expired and as to which no appeal, petition for certiorari, or

23 other proceedings for reargument or rehearing shall then be pending or as to which any

24 right to appeal, petition for certiorari, reargue, or rehear shall have been waived in writing

25 in form and substance satisfactory to the Debtor prior to the Effective Date or to the

26 Reorganized Debtor after the Effective Date, as applicable, or, in the event that an appeal,

27 writ of certiorari, or reargument or rehearing thereof has been sought, such order or

28 judgment of the Court or other applicable court shall have been affirmed by the highest

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  court to which such order or judgment was appealed, or certiorari has been denied, or

2  from which reargument or rehearing was sought, and the time to take any further appeal,

3  petition for certiorari or move for reargument or rehearing shall have expired.

4      **"FRC"** means Fremont Reorganizing Corporation f/k/a Fremont Investment &

5  Loan, a corporation organized under the laws of the state of California.

6      **"FRC Board of Directors"** means the board of directors of FRC.

7      **"Fremont NOLs"** means the federal consolidated net operating loss carryovers of

8  the affiliated tax group of which the Debtor is the common parent.

9      **"General Unsecured Claim"** or **"Unsecured Claim"** means any Claim that is not

10  an Administrative Claim, a Priority Tax Claim, a Priority Non-Tax Claim, a TOPrS Claim, or

11  a Section 510(b) Claim.

12     **"Holder"** means the Holder of a Claim or Equity Interest against the Debtor.

13     **"Impaired"** means, when used with reference to a Claim or Equity Interest, a Claim

14  or Equity Interest that is impaired within the meaning of section 1124 of the Bankruptcy

15  Code.

16     **"Late Filed Claim"** means any Unsecured Claim described in Bankruptcy Code

17  sections 726(a)(2) or 726(a)(3).

18     **"Lien"** means a lien, as defined in 11 U.S.C. § 101(37), except a lien that has been

19  avoided under chapter 5 of the Bankruptcy Code or that is otherwise avoidable or invalid

20  under the Bankruptcy Code or applicable law.

21     **"Loans"** means the residential mortgage loans owned by FRC.

22     **"Local Bankruptcy Rules"** means the Local Bankruptcy Rules for the United

23  States Bankruptcy Court for the Central District of California, as now in effect or hereafter

24  amended.

25     **"Ordinary Course Administrative Claim"** means a claim for administrative costs

26  or expenses that are allowable under Bankruptcy Code section 503(b) that are incurred in

27  the ordinary course of the Debtor's operations or the Case, or are provided for in an order

28  of the Bankruptcy Court.

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1      **"Penalty"** means any Claim for any fine, penalty, or forfeiture, or for multiple,

2   exemplary, or punitive damages, arising before the Petition Date, to the extent that such

3   fine, penalty, forfeiture, or damages are not compensation for actual pecuniary loss

4   suffered by the Holder of such claim as set forth in Bankruptcy Code section 726(a)(4).

5      **"Person"** means any natural person or entity.

6      **"Petition Date"** means June 18, 2008, the date on which the Debtor filed its

7   voluntary petition commencing the Case.

8      **"Plan"** means this plan of reorganization under chapter 11 of the Bankruptcy Code,

9   including, without limitation, all exhibits, supplements, appendices, and schedules hereto,

10  either in its present form or as it may be altered, amended, or modified from time to time.

11     **"Preferred Securities Guarantee"** means that certain "Preferred Securities

12  Guarantee Agreement" related to the TOPrS dated March 6, 1996, executed by the

13  Debtor.

14     **"Priority Non-Tax Claims"** means Claims, other than Administrative Claims or

15  Priority Tax Claims, entitled to priority in right of payment under section 507(a) of the

16  Bankruptcy Code.

17     **"Priority Tax Claim"** means a Claim entitled to priority against the Estate under

18  Bankruptcy Code section 507(a)(8).

19     **"Professionals"** means those Persons (i) retained pursuant to an order of the

20  Bankruptcy Court in accordance with sections 327, 1103 and/or 1106 of the Bankruptcy

21  Code and to be compensated for services rendered prior to the Effective Date pursuant to

22  sections 327, 328, 329, 330 and/or 331 of the Bankruptcy Code; or (ii) for which

23  compensation and reimbursement has been allowed by the Bankruptcy Court pursuant to

24  sections 330 and 503(b)(2) of the Bankruptcy Code.

25     **"Professional Fee Claim"** means:

26          (a)      A claim under Bankruptcy Code sections 327, 328, 330, 331, 503(b),

27                   1103 or 1106 for compensation for professional services rendered or

28

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1      expenses incurred prior to the Effective Date on the Estate's behalf;

2      or

3      (b)      A claim either under Bankruptcy Code section 503(b)(4) for

4              compensation for professional services rendered or under Bankruptcy

5              Code section 503(b)(3)(D) for expenses incurred prior to the Effective

6              Date in making a substantial contribution to the Estate.

7      **"Pro Rata"** means proportionately so that the ratio of (a) the amount of

8  consideration distributed on account of an Allowed Claim to (b) the amount of the Allowed

9  Claim is the same as the ratio of (x) the amount of consideration available for Distribution

10 on account of all Allowed Claims in the Class in which that Allowed Claim is included to (y)

11 the amount of all Allowed Claims in that Class.  For purposes of the application of this

12 definition, the amount of any Disputed Claim shall be the stated liquidated "face amount"

13 of such claim, unless such claim is estimated by order of the Bankruptcy Court.  If a

14 Disputed Claim does not set forth a stated liquidated "face amount" of such claim, then the

15 "face amount" of such Disputed Claim shall be estimated by the Reorganized Debtor in its

16 reasonable business judgment for purposes of this definition.  If the Disputed Claim is

17 estimated, the amount of such Disputed Claim shall be the estimated amount and such

18 estimated amount shall set the maximum amount of the Distribution on account of such

19 Disputed Claim absent a Final Order to the contrary.   For purposes of making a Pro Rata

20 calculation, a Claim (or the portion of a Claim) based upon interest that will mature,

21 accrue, or accrete after the Effective Date shall be disregarded.

22     **"Reorganized Debtor"** means the Debtor, from and after the Effective Date.

23     **"Rights Of Action"** means any and all actions, causes of action, suits, accounts,

24 controversies, agreements, promises, rights to legal remedies, rights to equitable

25 remedies, rights to payment and claims, whether known, unknown, reduced to judgment,

26 not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured,

27 disputed, undisputed, secured or unsecured and whether asserted or assertable directly

28

Smiley, Wang Ekvall & Strok, LLP
Weiland, Golden,
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

or derivatively, in law, equity or otherwise, and whether commenced or arising before or after the Effective Date.

**"Secured Claim"** means a Claim that was secured by a Lien on Collateral as of the Petition Date. A Claim is a Secured Claim only to the extent of the value of the claimholder's interest in the Collateral or to the extent of the amount subject to setoff, whichever is applicable, and as determined under 11 U.S.C. § 506(a).

**"Section 510(b) Claim"** means any Claim for rescission of or damages arising from the purchase or sale of a security, including, without limitation, any Claims arising from equity forward agreements and other understandings to purchase Equity Interests, which Claim is subject to subordination in accordance with section 510(b) of the Bankruptcy Code. For the avoidance of doubt, "Section 510(b) Claim" shall include any claim against the Estate for reimbursement or contribution on account of a Section 510(b) Claim.

**"Senior Notes"** means the 7.875% Senior Notes due 2009, which were issued pursuant to that certain indenture dated March 1, 1999, by and between The Bank of New York, as Trustee and the Fremont General Corporation.

**"Subordinated Debenture"** means that certain 9% Junior Subordinated Debenture due March 31, 2026, which was issued pursuant to that certain indenture dated March 6, 1996, and which is the sole asset of the FGFI Trust.

**"TOPrS Claims"** means the Claims of the FGFI Trust under the Subordinated Debenture.

**"Unclassified Claim"** means any Claim which is not part of any Class.

**"Unimpaired"** means, when used with reference to a Claim or Equity Interest, a Claim or Equity Interest that is not Impaired within the meaning of section 1124 of the Bankruptcy Code.

**"U.S. Trustee"** means the Office of the United States Trustee for the Central District of California.

1       **"U.S. Trustee Fees"** means all fees and charges assessed against the Estate by

2  the U.S. Trustee and due pursuant to section 1930 of title 28 of the United States Code.

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

## RULES OF INTERPRETATION

1.  The rules of construction in Bankruptcy Code section 102 apply to this Plan.

2.  Except as otherwise provided in the Plan, Bankruptcy Rule 9006(a) applies when computing any time period under the Plan.

3.  Any term used in the Plan that is not a Defined Term, but that is used in the Bankruptcy Code or Bankruptcy Rules has the meaning assigned to such term in the Bankruptcy Code or Bankruptcy Rules, as applicable, unless the context requires otherwise.

4.  The definition given to any term or provision in the Plan supersedes and controls any different meaning that may be given to that term or provision in the Disclosure Statement.

5.  Whenever it is appropriate from the context, each term, whether stated in the singular or the plural, includes both the singular and the plural.

6.  Any reference to a document or instrument being in a particular form or on particular terms means that the document or instrument will be substantially in that form or on those terms or as amended by the terms thereof.

7.  Any reference to an existing document means the document as it has been, or may be, amended or supplemented.

8.  Unless otherwise indicated, the phrase "under the Plan" and similar words or phrases refer to this Plan in its entirety rather than to only a portion of the Plan.

9.  Unless otherwise specified, all references to Sections or Exhibits are references to this Plan's Sections or Exhibits.

10. Section captions and headings are used only as convenient references and do not affect this Plan's meaning.

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-965-1000  Fax 714-966-1002

<table>
<tr><td>In re:<br><br>FREMONT GENERAL CORPORATION,<br><br>                                  Debtor(s).</td><td>CHAPTER 11<br><br>CASE NUMBER 8:08-bk-13421-ES</td></tr>
</table>

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**650 Town Center Drive, Suite 950, Costa Mesa, CA 92626**

A true and correct copy of the foregoing document described **OFFICIAL COMMITTEE OF EQUITY HOLDERS' SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION**   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 15, 2009** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **September 15, 2009** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Via Overnight Mail**

☒  Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 15, 2009** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

The Hon. Erithe Smith
United States Bankruptcy Court
411 W. 4th Street, Ctrm. 5A
Santa Ana, CA 92701

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 15, 2009 | Margaret Sciesinski | _napout hl_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**

| In re: | CHAPTER 11 |
|---|---|
| FREMONT GENERAL CORPORATION, | CASE NUMBER 8:08-bk-13421-ES |
| Debtor(s). | |

## I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Kristen N Beall    kbeall@pattonboggs.com, bmcilwain@pattonboggs.com
Dustin P Branch    dustin.branch@kattenlaw.com
Frank Cadigan    frank.cadigan@usdoj.gov
Lisa W Chao    lisa.chao@doj.ca.gov
Kristopher Davis    ksdavis@ebglaw.com
Jesse S Finlayson    jfinlayson@faw-law.com, wmills@faw-law.com
Jean M Healey    jean.healey@state.ma.us
Matthew Heyn    mheyn@ktbslaw.com
Whitman L Holt    wholt@stutman.com
Mark D Houle    mark.houle@pillsburylaw.com
Michelle Hribar    mhribar@rutan.com
William H. Kiekhofer    wkiekhofer@mcguirewoods.com
Lewis R Landau    lew@landaunet.com
Kerri A Lyman    klyman@irell.com
Robert S Marticello    Rmarticello@wgllp.com
Neeta Menon    nmenon@stutman.com
Sarah D Moyed    moyeds@sec.gov
David L Osias    bcrfilings@allenmatkins.com, dosias@allenmatkins.com
Jonathan Petrus    jpetrus@ktbslaw.com
David M Poitras    dpoitras@jmbm.com
Michael B Reynolds    mreynolds@swlaw.com, kcollins@swlaw.com
Sarah Seewer    sarah.seewer@kirkland.com
Jonathon Shenson    jshenson@ktbslaw.com
Evan D Smiley    esmiley@wgllp.com
Philip E Strok    pstrok@wgllp.com
Samuel J Teele    steele@lowenstein.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
Alan Z Yudkowsky    ayudkowsky@stroock.com
Scott H Yun    syun@stutman.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

F 9013-3.1

## SERVICE LIST

Office of the U.S. Trustee
411 West Fourth Street, Suite 9041
Santa Ana, CA 92701-8000

Fremont General Corporation
175 N. Riverview Drive
Anaheim, CA 92808
**Debtor**

Theodor Stolman, Esq.
Scott H. Yun, Esq.
Stutman Treister & Glatt
1901 Avenue of the Stars, Suite 1200
Los Angeles, CA 90067-6013
**Debtor's Counsel**

Robert W. Jones
J. Maxwell Tucker
Brent R. McIlwain, Esq.
Patton Boggs, LLP
2001 Ross Avenue, Suite 3000
Dallas, TX 75201-8001
**Debtor's Counsel**

Lee R. Bogdanoff, Esq.
Klee, Tuchin, Bogdanoff & Stern, LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067-6049
**Counsel for the Official Committee
of Unsecured Creditors**

Frank E. Williams, Jr.
P.O. Box 4004
Merrifiled, VA 22116
**Chairman of the Equity Committee**

Paul Dagostino
5642 Scripps Street
San Diego, CA 92122
**Equity Committee Member**

Lynn Ehlers
4725-27th Avenue So.
Minneapolis, MN 55406-3721
**Equity Committee Member**

William Holmes
2467 Cheyenne Drive
Gambrills, MD 21054
**Equity Committee Member**

John M. Koral
5322 Odin Drive
Boulder, CO 80301
**Equity Committee Member**

Jeffrey Michael Pies
4280 Galt Ocean Dr. #6K
Fort Lauderdale, FL 33308
**Equity Committee Member**

William M. Stern
8000 Maryland Avenue
Suite 800
St. Louis, MO 63105-3911
**Equity Committee Member**

Wells Fargo Bank, N.A. as successor
trustee to The Bank of New York Trust
Company, N.A.
c/o James R. Lewis, V.P. or
Thomas M. Korsman, VP
45 Broadway, 14th Floor
New York, NY 10006
**Creditors Committee**

HSBC Bank USA, National Association,
as indenture trustee
Indenture dated March 1, 1999
c/o Robert Conrad, V.P.
10 East 40th Street, 14th Floor
New York, NY 10018
**Creditors Committee**

Tennebaum Multi-Strategy Master Fund
c/o David Hollander, Managing Director
2951 28th Street, Suite 1000
Santa Monica, CA 90405
**Creditors Committee**

Rita Angel
c/o Joshua T. Angel
Herrick Feinstein LLP
2 Park Avenue
New York, NY 10016
**Creditors Committee**

Dennis & Loretta Danko Family Trust
Dennis Danko, Trustee
10941 E. Buckskin Trail
Scottsdale, AZ 85255
**Creditors Committee**

Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, CA 90036

Larry H. Spector
Matthew Skolnik, Esq.
Bazelon Less & Feldman, P.C.
1515 Market Street, Suite 700
Philadelphia, PA 19102
**Attorneys for ACE Group of Companies**

Jessee Finlayson, Esq.
Michael R. Williams
Finlayson & Williams LLP
15615 Alton Parkway, Suite 250
Irvine, CA 92618
**Attorneys for Lead Plaintiff New York
State Teachers' Retirement System**

Michael S. Etkin, Esq.
S. Jason Teele, Esq.
Lowenstein Sandler, PC
65 Livingston Avenue

Roseland, NJ 07068
**Attorneys for Lead Plaintiff New York
State Teachers' Retirement System**

Salvatore J. Graziano, Esq.
Bernstein, Litowitz, Berger & Grossmann,
LLP
1285 Avenue of the Americas
New York, NY 10019
**Attorneys for Lead Plaintiff New York
State Teachers' Retirement System**

Andrew I. Silfen
Arent Fox LLP
1675 Broadway
New York, NY 10019
**Attorneys for Wells Fargo Bank, N.A.,
and Wells Fargo Delaware Trust
Company**

Aram Ordubegian, Esq.
Michael S. Cryan
Arent Fox LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013
**Attorneys for Wells Fargo Bank, N.A.,
and Wells Fargo Delaware Trust
Company**

William H. Kiekhofer, Esq.
Jodie Grotins, Esq.
McGuire Woods LLP
1800 Century Park East, 8th Floor
Los Angeles, CA 90067
**Attorneys for U.S. Bank National
Association, as Trustee**

Ira H. Goldman, Esq.
Kathleen M. LaManna, Esq.
Corrine L. Burnick, Esq.
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103
**Attorneys for U.S. Bank National
Association, as Trustee**

Sarah D. Moyed
U.S. Securities & Exchange Commission
5670 Wilshire Boulevard, Suite 1100
Los Angeles, CA 90036

T. David Copley, Esq.
Keller Rohrback
Suite 3200
1201 Third Avenue
Seattle, WA 98101

Johnny Ong
Ong Trust Dated 5/7/1986
1922 Westwind
Santa Ana, CA 92704

Ronald Wilborn
P.O. Box 170259
Atlanta, GA 30317

Ronald Wilborn
1949 Bonner Street
Decatur, GA 30032

McCurdy & Candler LLC
250 East Ponce De Leon Avenue, Ste 200
Decatur, GA 30030