Christopher E. Prince (State Bar No. 183553)
cprince@lesnickprince.com
LESNICK PRINCE LLP
185 Pier Avenue, Suite 103
Santa Monica, CA 90405
Telephone: (213) 291-8984
Facsimile:  (310) 396-0963

Carole Neville (*Pro Hac Vice*)
cneville@sonnenschein.com
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 768-6700
Facsimile:  (212) 768-6800

Attorneys for New World Acquisition, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re | Case No. 8:08-bk-13421-ES |
| FREMONT GENERAL CORPORATION, a Nevada corporation, | Chapter 11 Case |
| Debtor. | **MOTION FOR APPROVAL OF NON MATERIAL MODIFICATIONS OF NEW WORLD ACQUISITION, LLC'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR FREMONT GENERAL CORPORATION (DATED APRIL 9, 2010)** |
| | **Hearing** |
| | Date: April 23, 2010<br>Time: 9:30 A.M.<br>Place: Courtroom 5A<br>411 West Fourth St.<br>Santa Ana, California 92701 |
| Taxpayer ID No. 95-2815260 | |

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

New World Acquisition LLC ("New World") moves this Court for an order approving non-material modifications incorporated into New World Acquisition, LLC's Second Amended Chapter 11 Plan Of Reorganization For Fremont General Corporation (Dated April 9, 2010) (the "New World Plan") pursuant to Section 1127 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 3019 and determining that further solicitation of votes is not required.

## INTRODUCTION

New World has made an additional limited number of a number of non-material modifications to resolve various issues and concerns raised by the Official Committee of Unsecured Creditors ("Official Committee"), the California Franchise Board, and certain updates reflecting developments in the case, including the Court's rulings on the propriety of the merger and the settlement with Signature Group Holdings, LLC ("Signature").   These modifications are contained in the modified New Word Plan, a copy and a redlined copy of which is annexed hereto as Exhibit A.[1]

For these reasons, and reasons discussed below, New World submits that the non-material modifications in the New World Plan have no impact upon all Creditors and Shareholders and are in the best interest of both.

## LEGAL STANDARD

Section 1127 of the Bankruptcy Code provides for the modification of a chapter 11 plan by its proponent "at any time before confirmation," as long as the plan as modified satisfies the requirements of sections 1122 and 1123 of the Bankruptcy Code. 11 U.S.C. § 1127(a). *See Enron Corp. v. New Power Co., (In re New Power Co.)*, 438 F.3d 1113, 1117 (11th Cir. 2006); *In re Cellular Info. Sys., Inc.*, 171 B.R. 926, 929 n.6 (Bankr. S.D.N.Y. 1994).  In addition, the modification must comply with the disclosure requirements as set forth in section 1125 of the Bankruptcy Code. 11 U.S.C. § 1127(c).  However, such disclosure requirements do not necessarily mandate resolicitation of the plan. *See Cellular Info. Sys.*, 171 B.R. at 929 n.6 ("I find that such changes are

---

[1] New World and Signature have entered into a Reciprocal Plan Support and Settlement Agreement, pursuant to which New World and Signature will seek approval of additional non material modifications to the New World Plan.

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

nonmaterial modification which do not require resolicitation of the respective impaired classes of creditors and equity security holders"). Rather, Federal Rule of Bankruptcy Procedure 3019(a) provides that:

> In a chapter 9 or chapter 11 case, after a plan has been accepted and before its confirmation, the proponent may file a modification of the plan. If the court finds after hearing on notice to the trustee, any committee appointed under the Code, and any other entity designated by the court that the <u>proposed modification does not adversely change the treatment of the claim of any creditor or the interest of any equity security holder</u> who has not accepted in writing the modification, <u>it shall be deemed accepted</u> by all creditors and equity security holders who have previously accepted the plan.

Fed. R. Bankr. P. 3019(a) (emphasis added). Thus, further disclosure is only necessary when the modification materially and adversely impacts a claimant's treatment. *See Resolution Trust Corp. v. Best Prods. Co., Inc. (In re Best Prods. Co., Inc.)*, 177 B.R. 791, 802 (S.D.N.Y. 1995), *aff'd*, 68 F.3d 26 (2d Cir. 1995) (noting that the key inquiry was whether the modification materially altered the plan so that a claimant's treatment was adversely affected). *See also New Power*, 438 F.3d at 1118 ("[A]s an initial matter, we consider whether there was any material and adverse modifications from the First Amended Plan."); *Andrew v. Coopersmith* (*In re Downtown Inv. Club III)*, 89 B.R. 59, 65 (Bankr. 9th Cir. 1988).

A plan modification will be considered material "if it so affects a creditor or interest holder who accepted the plan that such entity, if it knew of the modification, would be likely to reconsider its acceptance." *In re Am. Solar King Corp.*, 90 B.R. 808, 824 (Bankr. W.D. Tex. 1988) (citing 8 *Collier on Bankruptcy*, ¶ 3019.03 (15th ed. 1987)); In re Simplot, 2007 WL 2479664, at \*\*11 (Bankr. D. Idaho Aug. 28 2007). Thus, a "clear and obvious improvement to the position of the creditors

- 3 -

affected by the modification" will not require resolicitation of the modified plan. *In re Concrete Designers, Inc.*, 173 B.R. 354, 356 (Bankr. S.D. Ohio 1994). This reading of section 1127(c) is entirely consistent with the disclosure requirements in section 1125 because "[a] modification which is not 'material' is by definition one which will not affect an investor's voting decision," and thus, "[a]dditional disclosure would serve no purpose." *Solar King*., 90 B.R. at 824 n.28.

Seen against these standards, New World's modifications to the plan are not material and in no way materially or adversely affect the way any claim or equity interest is treated. Accordingly, New World requests that the modifications in the Second Amended Plan be approved without need for further solicitation.

**A.  Timing of Payments: (i) Addition of a "Drop Dead" Date by Which Payments to be Made on the Effective Date Must be Made by the Reorganized Debtor No Later Than Five (5) Business Days After the Effective Date; (ii) Clarification of the Timing of Payments to Unsecured Creditors; (iii) Clarification That Post-Petition Interest Will be Paid Through the Date Claims Are Actually Paid, Not the Effective Date**

Prior to modification, the Plan provided that Distributions under the Plan which are required to be made on the Effective Date shall be made on the Effective Date or as soon as practicable thereafter. The Official Committee sought the addition of a "drop dead" date clarifying that under no circumstances will Distributions be made later that five (5) days after the Effective Date. In addition, the Official Committee sought clarification of the timing of payments to general unsecured creditors, particularly unsecured claimants who did not hold an allowed claim as of the Effective Date. The changes are reflected in the following revised provision in Section VIII, A of the Modified Plan:

> The Reorganized Debtor, the Disbursing Agent, or the
> Indenture Trustee, in the case of the distributions to the Holders of
> Senior Notes, shall make each required Distribution by the date stated
> in the Plan with respect to such Distribution. Any Distribution required
> to be made on the Effective Date shall be deemed to be made on such

- 4 -

date if made as soon as practicable after such date, provided that any Claims entitled to Post-Petition Interest or interest under section 511 of the Bankruptcy Code and applicable non bankruptcy law will receive Post-Petition Interest or interest under section 511 of the Bankruptcy Code and applicable non bankruptcy law calculated through the actual date of Distribution.  **Notwithstanding anything to the contrary in this Plan, any and all Distributions to or through the Indenture Trustee for the Holders of Class 3B Claims shall be made no later than five (5) Business Days after the Effective Date. Notwithstanding anything to the contrary in this Plan, any Distributions to a Holder of a Class 3A Claim shall be made not later than the later of five (5) Business Days after the Effective Date and five (5) Business Days after the Claim becomes an Allowed Claim**.

### B.    Additional Changes

The California Franchise Tax Board  requested additional changes to the treatment of administrative and priority tax claims reflected in the provisions  defining Ordinary Course Administrative Claims and the treatment of Priority Rax Claims set forth below:

> **Ordinary Course Administrative Claim"** means a claim for administrative costs or expenses that are allowable under Bankruptcy Code section 503(b) that are incurred in the ordinary course of the Debtor's operations for (a) goods and services **or** (b) for taxes and related claims of a governmental unit under section 503(b)(1)(B) and (C) of the Bankruptcy Code and that are unpaid on the Effective Date.  Ordinary Course Administrative Claims do not include Professional Fee Claims,

- 5 -

U.S. Trustee Fees, [ ], Indenture Trustee Fees or Non-Ordinary Course Administrative Claims

Unless the Holder of an Allowed Priority Tax Claim agrees to different treatment or there is a Final Order of the Court providing for different treatment, each Holder of Allowed Priority Tax Claim will receive, in the sole discretion of the Reorganized Debtor, (a) Cash in the full amount of the Allowed Priority Tax Claim plus interest at a rate determined under section 511 of the Bankruptcy Code and applicable non-bankruptcy law from the Effective Date to the date of Distribution on the latest of (i) the Effective Date, or as soon thereafter as is practicable, and (ii) fifteen Business Days after the date on which the Priority Tax Claim is Allowed, or (b) payment in equal quarterly payments over a period not exceeding five years after the date of the order for relief entered against the Debtor in accordance with Bankruptcy Code section 1129(a)(9)(C), together with interest at the rate determined by section 511 of the Bankruptcy Code and applicable non bankruptcy law from the Effective Date.

**C.** New World also includes for purposes of confirmation of the New World Plan, revised projections for the Reorganized Debtor under the reinstatement or cram down scenario. These projections are attached hereto as Exhibit B.

**D.** Finally, New World includes its agreement with Signature, a copy of which is attached hereto. The changes to the plan include a definition of the agreement ("Signature Settlement Agreement), an increase in the number of Board members from seven to nine and designation of new board members consistent with the settlement agreement, a substitution of Credit Partners Management, Inc. as the management team, and a right of Signature to invest in up to 50% of the

Common Stock offered to New World under the Plan and to share in the allocation of the Warrants. The benefits of the settlement with Signature are described at greater length in the motion of the parties to approve the settlement. The parties have made every effort to the incorporate the benefits of this settlement with the fewest changes to the existing plans.

## NOTICE

Notice of the filing of the Motion and the hearing has been provided to: (a) the Office of the United States Trustee for the Central District of California; (b) counsel to the Creditors Committee; (c) counsel to the Equity Committee; (d) counsel to the Debtor; (e) counsel for the indenture trustee for the Senior Notes; (f) counsel to the indenture trustee for the TOPrS; and (g) any persons who have filed a request for notice in the Chapter 11 Cases pursuant to Local Rules of Bankruptcy Practice. A copy of the Motion has been made available on the website of the Debtor's notice and claims agent, Kurtzman Carson Consultants LLC, at www.kccllc.net/Fremont. In light of the nature of the relief requested, New World submit that no further notice is required.

## CONCLUSION

New World submits that the aforementioned modifications to the Plan are not material and do not adversely affect the rights of Creditors and Shareholders under the Plan. To the extent that any modification alters any rights of Creditors and Shareholders under the Plan, the proposed modifications are beneficial to Creditors and Shareholders and are in the best interest of both. Accordingly, New World respectfully requests that the Court approve the proposed modification to the Plan and determine that further solicitation of votes is not required.

| | | |
|---|---|---|
| 1 | Dated: April 9, 2010 | LESNICK PRINCE LLP |
| 2 | | By: */s/ Christopher E. Prince* |
| | | Christopher E. Prince (State Bar No. 183553) |
| 3 | | |
| 4 | | - and - |
| 5 | | SONNENSCHEIN NATH & ROSENTHAL LLP |
| | | Carole Neville (*Pro Hac Vice*) |
| 6 | | |
| 7 | | Attorneys for New World Acquisition, LLC |

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300