1  Glenn S. Gardipee
   General Partner
2  Northern Systems Capital Partners
   3111 Liberty Bell Road
3  Green Bay, WI  54313

4  PRO SE

FILED
JUL 26 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

In re:

FREMONT GENERAL CORPORATION, a Nevada corporation        Debtor,

Case No. 8:08-bk-13421-ES

Chapter 11 Case

Motion to require Trustee to distribute remaining cash and to bring a dispute between Signature Holdings and Wells Fargo Bank before the court.

Date: To be set
Time:
CTRM: 5A

## DECLARATION OF GLENN S. GARDIPEE

I, Glenn S. Gardipee declare under penalty of perjury that:

1.    This Declaration is made in support of the *Motion to require Trustee to distribute remaining cash and to bring a dispute between Signature Holdings and Wells Fargo Bank before the court.*

2.    I am over 18 years old, and have personal knowledge of all matters stated herein, and would competently be able to testify to them.

3.    I am presently General Partner of Northern Systems Capital Partners, which Partnership holds Fremont General 9% Trust Originated Preferred Securities (TOPrS).



- 1 -

Glenn S. Gardipee ("Gardipee"), General Partner, Northern Systems Capital Partners ("NS Capital"), TOPrS holders and equity holders of Fremont General Corporation, now Signature Holdings LLC ("Signature"), files this *Motion to require Trustee to distribute remaining cash and to bring a dispute between Signature Holdings and Wells Fargo Bank before the court*, and the attached Declaration of Glenn S. Gardipee in support of the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. RELIEF REQUESTED

By this Motion, Glenn S. Gardipee seeks an order of the court requiring Wells Fargo Bank ("Trustee") as Trustee for the TOPrS to immediately distribute $2 million which the Trustee is withholding because of a dispute with Signature. The motion also seeks intervention by the court to resolve the dispute between Signature and the Trustee as defined below on page 5 **VI Resolution of the Matter**.

### II. BACKGROUND

Signature Group Holdings, LLC's Chapter 11 Fourth Amended Plan of Reorganization of Fremont General Corporation, Joined by James Mcintyre As Co-plan Proponent, Dated May 24, 2010 ("Plan") became effective on June 11, 2010.

Under chapter II Classification and Treatment, section A paragraph 1.(f) <u>Indenture Trustee Fees and Expenses</u> (starting on page 19 line 11) states as follows:

"<u>The Reorganized Debtor shall pay or cause to be paid in full and in Cash as an Administrative Claim, without the need for application to, or approval of any court, without reduction to the recovery of applicable holders of allowed claims, any and all Indenture Trustee Fees and other amounts that are due to each of the Indenture Trustees and its counsel as of the Effective Date on or before the Effective Date. The Reorganized Debtor shall also promptly pay or cause to be paid in full any and all fees and expenses that will be incurred in connection with or related to the distributions to be made by the Indenture Trustees under the Plan, implementation of the terms of the Plan or fulfilling its obligations under the Junior Note Indenture of this Plan without further court approval.</u>"

- 2

The Trustee submitted expenses to Signature for amounts due on or before the Effective Date and Signature sent a check to the Trustee for 90% of the amount submitted. Signature also sent $45 million in cash to the Trustee to be distributed to the TOPrS as provided under the plan. The Trustee distributed $43 million to the TOPrS and retained $2 million of the TOPrS money. In summary, the Trustee is holding a check for 90% of expenses plus $2 million of the TOPrS cash pending resolution of the matter.

NS Capital conjectures that Signature believes the Trustee has used its position to charge excessive fees. The Trustee has stated that the costs for the Fremont General bankruptcy were high when compared with other bankruptcy cases. Both Signature and the Trustee have dug in their heels and are not budging from their respective positions. NS Capital is not in a position to side with either Signature or the Trustee in this matter.

III. <u>CHARGING LIEN AND REASONABLE OUT OF POCKET EXPENSES</u>

Chapter VII Disbursements, section A. <u>Manner of Distribution</u> (page 42 starting on line 8) states as follows: "<u>If a distribution is made to the applicable Indenture Trustee, the applicable Indenture Trustee, in its capacity as disbursing agent, shall administer the distributions in accordance with the Plan and the Senior Notes Indenture or Junior Notes Indenture, as applicable, and be compensated as described below; provided, however, that nothing herein shall be deemed to impair, waive or extinguish any rights of the Indenture Trustee with respect to the Charging Lien.</u>"

The definition of "**Charging Lien**" in the plan "<u>means any Lien or other priority in payment arising prior to the Effective Date to which the Indenture Trustees are entitled under the Senior Notes Indenture and Junior Notes Indenture, as applicable, against distributions to be made to the holders of Senior Notes Claims and Junior Notes Claims as applicable.</u>"

Chapter VII Disbursements, section A. <u>Manner of Distribution</u> (page 42 starting on line 19) states as follows: "<u>Each Indenture Trustee acting as disbursing agent by providing services related to</u>

- 3 -

distributions under the Plan will receive from the Reorganize Debtor, without further approval of the Court, reasonable compensation for services and reimbursement of reasonable out-of-pocket expenses in connection with such services

IV. **TOPrS CONCERNS**

The TOPrS have given up significant claims in settlement of this bankruptcy. Prepetition claims of $107,422,680.93 have resulted in a settlement under the plan of $98.49 million at today's valuation ($45 mil cash, $39 mil bonds, $14.49 mil SGGH stock). Now the Trustee seeks to punish the TOPrS by withholding $2 million of the cash to further its own ends. The cost does not include lost interest of at least 9% to the TOPrS. The Trustee has an obligation to act in the best interests of the TOPrS holders. The Trustee should distribute the $2 million to the TOPrS, cash its check for 90%, and go before the court to request its remaining expenses.

Signature should have communicated those expenses that it considered excessive to the Trustee. Signature has been unwilling to do so. Thus, negotiations between the parties are at a standstill. With an upcoming interest payment due on the new bonds on September 30, 2010, the Trustee could decide to withhold that interest payment as an additional Charging Lien. This whole issue needs to be resolved with the help of the bankruptcy court.

V. **RETENTION OF JURISDICTION**

Chapter IV Means of Effectuating the Signature Plan, section K., Retention of Jurisdiction (page 35 starting on line 25). The Bankruptcy Court will retain jurisdiction of all matters arising in or related to this Plan to the fullest extent provided by law until this Plan is fully consummated, including without limitation:

1. The adjudication of the validity, scope, classification, allowance, and disallowance of any Claim;
2. The estimation of any Claim;

- 4 -

    3. <u>The allowance or disallowance of Professional Fee Claims, compensation, or other Administrative Claims.</u>

**VI.**   **<u>RESOLUTION OF THE MATTER</u>**

NS Capital's motion requests the court to rule on each of the following points in order to bring this matter to a resolution:

1. Require the Trustee to immediately distribute the $2 million cash to the TOPrS.
2. Require the Trustee to submit an itemized list of its expenses to the court.
3. Require Signature to respond to each of the Trustee's itemized expenses indicating which expenses Signature objects to and the reason for the objection.
4. Rule on each Trustee expense that is in dispute allowing or disallowing the expense as provided under the **Retention of Jurisdiction**, section K.
5. Require Signature to state whether there is a similar dispute with the Senior Notes Trustee.

Dated this 21st day of July, 2010   */s/ Glenn A. Gardipee*
Northern Systems Capital Partners
3111 Liberty Bell Road
Green Bay, WI 54313
Glenn S. Gardipee
General Partner

- 5 -

Glenn S. Gardipee
General Partner
Northern Systems Capital Partners
3111 Liberty Bell Road
Green Bay, WI   54313

PRO SE

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| In re: | Case No. 8:08-bk-13421-ES |
|---|---|
| FREMONT GENERAL CORPORATION, a Nevada corporation          Debtor, | Chapter 11 Case |
| | **Proof of Service** |
| | Date: To be set |
| | Time: |
| | CTRM: 5A |

## PROOF OF SERVICE

I declare the foregoing is true and correct to the best of my knowledge under the penalty of perjury and the laws of the United States, the State of California, and the Commonwealth of Massachusetts.

Executed this 22 day of July, 2010   at Green Bay, Wisconsin

_____
Glenn S. Gardipee

I declare that I am over 18 years of age, and my address is 3111 Liberty Bell Road, Green Bay, WI   54313.  On July 22, 2010, I served a true and correct copy of the following documents on the parties indicated on the attached list by using the method indicated below.

1. Motion to require Trustee to distribute remaining cash and to bring a dispute between Signature Holdings and Wells Fargo Bank before the court; filed by Glenn S. Gardipee and Declaration of Glenn S. Gardipee

**[X]** **By First-Class Mail**: I am readily familiar with the practice of collection and processing of correspondence for mailing with the United States Postal Service. I know that the documents listed above were deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the above-referenced documents were placed into the envelopes, the envelopes were sealed and addressed as set forth on the attached list and, with postage thereon fully prepaid, the envelopes were placed for collection and mailing on this date and deposited at the United States Post Office, Green Bay, Wisconsin 54313

Honorable Erithe A. Smith
U.S. Bankruptcy Court
411 W. Fourth Street
Santa Ana, CA    92701


James R. Lewis
Vice President
Wells Fargo Bank, N.A.
45 Broadway – 12th Floor
New York, New York 10006


David N. Brody
Senior Vice President, Counsel & Corporate Secretary
Signature Group Holdings, Inc
15303 Ventura Blvd., Suite 1510
Sherman Oaks, CA 91403


I declare under penalty of perjury that the forgoing is true and correct.

Executed this 22 day of July 2010 at Green Bay, Wisconsin.

_____
Glenn S. Gardipee