PETER C. ANDERSON
United States Trustee
FRANK M. CADIGAN (Bar No.: 95666)
Assistant United States Trustee
OFFICE OF THE UNITED STATES TRUSTEE
Ronald Reagan Federal Building
    and United State Courthouse
411 West Fourth Street, Suite 9041
Santa Ana, California 92701-8000
Telephone:  (714) 338-3400
Facsimile:   (714) 338-3421

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| In re | No.   8:08-bk-13421-ES |
| FREMONT GENERAL CORPORATION, a Nevada corporation, | Chapter 11 |
| | Date: September 14, 2010
Time: 10:30 a.m.
Courtroom: "5A"- Hon. Erithe A. Smith |
| Debtor. | UNITED STATES TRUSTEE'S OMNIBUS OBJECTION TO MOTIONS FOR SUBSTANTIAL CONTRIBUTION |
| Tax I.D. 95-281560 | |

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, TO THE REORGANIZED DEBTOR AND ITS ATTORNEYS OF RECORD AND TO ALL OTHER PARTIES IN INTEREST:**

I.

**INTRODUCTION**

There are five (5) motions pending before the court filed pursuant to 11 U.S.C. §§ 503(b)(3)(D) and 503(b)(4). The parties are James A. McIntyre, Sr.; Ranch Capital, LLC; Belgravia Capital Management, LLC; New World Acquisitions, LLC and Signature Group Holdings, LLC.

The United States Trustee filed a motion to appoint a fee examiner, which was granted in part. The Court *sua sponte*, appointed a fee examiner and retained jurisdiction to

1  decide whether the scope of the examiners duties should be expanded. The hearing on the
2  U.S. Trustee's Motion is scheduled for September 28, 2010 at 10:30 a.m. The United States
3  Trustee requests that the Court expand the duties of the examiner to include a review of the
4  substantial contribution motions to determine whether the fees are reasonable.
5  This case was complicated and there is no doubt that the professionals who are
6  seeking payment for their contributions in this case deserve payment on their administrative
7  claim requests to the extent the fees and expense are reasonable. However, in reviewing
8  the motions filed by Signature Group Holdings, LLC, (Signature) and New World
9  Acquisitions, LLC., ( New World), there were inconsistencies in what the estimated fees, as
10 represented in certain disclosures statements said, regarding professional fees, and the
11 actual fee requests made in the motions.

## II.

### THE SIGNATURE MOTION

14 In the Refiled motion filed by Signature on August 27, 2010, Signature seeks
15 allowance and payment of $2,001,150.20 in professional fees and expenses incurred by its
16 bankruptcy and corporate counsel Manderson, Schafer & McKinlay, LLP, for the period from
17 October 16, 2009 through June 11, 2010, representing $1,847,743.50 in fees and
18 $153,396.71 l expenses.
19 On January 20, 2010, Signature filed its Fourth Amended Disclosure Statement. The
20 document is identified as Docket Entry 1450. At page 136, beginning at subparagraph E.
21 Payment of the Signature Plan Proponent's Expenses, at lines 3 through 10, the following
22 representation is made by Signature:

> On the Effective Date, the Disbursing Agent shall pay the
> expenses of Signature, the TOPrS Group and McIntyre,
> including reasonable fees of their attorneys and advisors.
> To date, Signature has incurred fees and expenses totaling
> approximately $200,000. Given the complexities of securing
> confirmation of the Signature Plan under the circumstances,
> Signature estimates that its total fees and expenses that will
> be incurred in connection with the confirmation of the Signature
> Plan, based on current assumptions, will be between $300,000
> and $400,000 in the aggregate. These estimates do not include
> the expenses of the other Signature Plan proponents, including

the TOPrS Group and McIntyre, which shall be similarly be be paid on the Effective Date.

See excerpt from Fourth Amended Disclosure Statement of Signature, attached hereto and marked **Exhibit "A"**.

Granted this was an estimate, however, the current request for fees and expenses exceeds this estimate by $1.6 million.

### III.

### New World Motion

In a Disclosure Statement filed by New World, fees and expenses in connection with its Plan proposal through the Effective Date would not exceed "$700,000, provided that none of the constituents launches deliberately costly confirmation litigation." See New World Disclosure Statement filed January 20, 2010 at Docket Entry 1451 at page 82 of 133, lines 9-10. See excerpt of New World Disclosure Statement attached hereto and marked **Exhibit "B"**.

The U.S. Trustee is aware, that Plan confirmation in this case has been contentious. The attorneys for New World have also voluntarily reduced their fee request by $140,000. However, the aggregate amount of fees of $1,624,549 and expenses of $123,987.62, exceed the $700,000 estimate by a significant amount.

### IV.

### REGARDING ALL SUBSTANTIAL CONTRIBUTION MOTIONS

There can be no doubt that the professionals involved, who have worked on this case, have made a contribution. There is also no doubt that they will attempt to justify why fees exceeded estimates or why the fees requested are reasonable.

Nevertheless, there should also be no doubt that an independent examination of the fee requests made in these motions is necessary to ensure that the fees requested and charges are reasonable and not excessive.

There will be an examiner involved in this case to review fees of professional that are

the subject of objections. It seems that expanding the duties of the examiner to review five motions is not overly burdensome to the estate and is necessary to ensure that the fees requested were necessary, and reasonable in light of the services preformed and the charges not excessive.

At the very least, Signature and New World should explain why their respective fees exceeded estimates. Obviously, no one is holding these entities to exact estimates, however, the fees dramatically exceeded the estimates and a search of the Docket, does not reveal that these estimates were revised with later pleadings.

For these reasons, the United States Trustee requests that the examiner's duties be expanded to review the motions filed in connection with substantial contribution.

Dated: August 31, 2010                                  Office of the United States Trustee


*/s/ Frank M. Cadigan, AUST*

Frank M. Cadigan

EXHIBIT "A"

no later than twenty-five (25) days after the entry of the Confirmation Order.

### E.    Payment of the Signature Plan Proponents' Expenses

On the Effective Date, the Disbursing Agent shall pay the expenses of Signature, the TOPrS Group and McIntyre, including reasonable fees of their attorneys and advisors. To date, Signature has incurred fees and expenses totaling approximately $200,000. Given the complexities of securing confirmation of the Signature Plan under the circumstances, Signature estimates that its total fees and expenses that will be incurred in connection with the confirmation of the Signature Plan, based on current assumptions, will be between $300,000 and $400,000 in the aggregate. These estimates do not include the expenses of the other Signature Plan proponents, including the TOPrS Group and McIntyre, which shall be similarly be paid on the Effective Date. The Signature Plan Proponents shall submit application(s) pursuant to Sections 503(b)(3)(D) and (b)(4) of the Bankruptcy Code no later than ten (10) Business Days following entry of the Confirmation Order seeking allowance of such fees and expenses incurred on the basis that confirmation of the Plan constitutes a "substantial contribution" that directly benefits the estate, its creditors, and other interested parties.

## XIII. CONFIRMATION REQUIREMENTS AND PROCEDURES

The following discussion is intended solely for the purpose of alerting parties in interest about basic confirmation issues, which they may wish to consider, as well as certain deadlines for filing Claims. Signature CANNOT and DOES NOT represent that the discussion contained below is a complete summary of the law on this topic.

The Bankruptcy Code sets forth a number of requirements that must be met before a plan may be confirmed. Among others, a plan must be proposed in good faith, must treat claim in certain Classes in a specific manner, the plan must provide a Holder of claim or interest in an impaired class with not less than the Holder would receive or retain if the debtor were liquidated under chapter 7 and a plan must be feasible. Signature believes the Signature Plan meets these requirements and all the other requirements of the Bankruptcy Code for confirmation of the Signature Plan.

### A.    Votes Necessary for a Class to Accept the Signature Plan

When a Class of Claims is entitled to vote, it is considered to have accepted the Signature Plan

FOURTH AMENDED DISCLOSURE STATEMENT FOR SIGNATURE GROUP HOLDINGS, LLC'S CHAPTER 11 PLAN OF REORGANIZATION OF FREMONT GENERAL CORPORATION, JOINED BY CERTAIN TOPRS HOLDERS AND JAMES MCINTYRE AS CO-PLAN PROPONENTS, DATED JANUARY 20, 2010

0001



Ex "A"

EXHIBIT "B"

finance as part of the initial management of the Reorganized Debtor.

The New World members currently hold approximately 4.5% of the Common Stock of the Debtor based upon approximately 78,380,000 shares outstanding. As a result of its equity investment of approximately $7 million for approximately 10 million shares, New World will hold approximately 13.6 % of the stock of the Reorganized Debtor and after giving effect to the Warrants, New World will hold approximately 24.1% of the stock of the Reorganized Debtor. In the event that New World purchases the additional 10.6 million shares, New World will own 33.5% of the Common Stock after giving effect to the Warrants. New World estimates that its fees and expenses in connection with its Plan proposal through the Effective Date will not exceed $700,000.

The boards of the subsidiaries will also be reconstituted in advance of the merger to the extent necessary to manage the affairs of the subsidiaries pre merger.

On and after the Effective Date, the Reorganized Debtor will use its commercially reasonable best efforts to hold its next annual meeting no later than March 30, 2011. In addition to amendments to the Certificate of Incorporation to prohibit the issuance of non-voting securities and restrict certain transfers of Common Stock, the Reorganized Debtor's Certificate of Incorporation will be amended to provide that the chairman of the board or secretary of the Reorganized Debtor shall call a special meeting of its stockholders at the written request of stockholders possessing at least 25% of the voting power of the issued and outstanding Common Stock of the Reorganized Debtor entitled to vote generally for the election of directors.

Richard Sanchez, Don Royer and Thea Stuedli (the "Remaining Executives") have not agreed, at this point, to continued employment by the Reorganized Debtor under the terms of the Executive Employment Agreements or otherwise, although New World intends to seek assumption of the Executive Employment Agreements. The terms of the Executive Employment Agreements expire in November 2010. The management of the Reorganized Debtor will initially include the principals of New World, who will be compensated pursuant to a management agreement that will be filed in

- 81 -    NEW WORLD DISCLOSURE STATEMENT


Ex. "B"

0002

| In re:<br>FREMONT GENERAL CORPORATION | Debtor(s). | CHAPTER 11<br>CASE NUMBER 8:08-bk-13421-ES |
|---|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
411 W. FOURTH ST., #9041, SANTA ANA, CA 92701

The foregoing document **UNITED STATES TRUSTEE'S OMNIBUS OBJECTION TO MOTIONS FOR SUBSTANTIAL CONTRIBUTION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ( "LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **AUGUST 31, 2010**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Kyra E Andrassy    kandrassy@wgllp.com
- Kristen N Beall    kbeall@pattonboggs.com, bmcilwain@pattonboggs.com
- Reem J Bello    rbello@wgllp.com
- Ron Bender    rb@lnbrb.com
- Dustin P Branch    dustin.branch@kattenlaw.com
- Brendt C Butler    BButler@rutan.com
- Gary O Caris    gcaris@mckennalong.com, pcoates@mckennalong.com
- Lisa W Chao    lisa.chao@doj.ca.gov
- Shawn M Christianson    cmcintire@buchalter.com
- Eric A Cook    ecook@ebglaw.com
- Kristopher Davis    ksdavis@ebglaw.com
- Ted A Dillman    Ted.dillman@lw.com
- Willis B Douglass    Willis.B.Douglass@irscounsel.treas.gov
- Jesse S Finlayson    jfinlayson@fwtrl.com, wmills@fwtrl.com
- Philip A Gasteier    pag@lnbrb.com
- Jodie M Grotins    jgrotins@mcguirewoods.com
- Peter J Gurfein    pgurfein@lgbfirm.com
- D Edward Hays    ehays@marshackhays.com
- Matthew Heyn    mheyn@ktbslaw.com
- Whitman L Holt    wholt@stutman.com
- Mark D Houle    mark.houle@pillsburylaw.com
- Michelle Hribar    mhribar@rutan.com
- Derek J Kaufman    derek.kaufman@mto.com
- Payam Khodadadi    pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com
- William H. Kiekhofer    wkiekhofer@mcguirewoods.com
- Lewis R Landau    lew@landaunet.com
- Thomas A. Lee 2    notices@becket-lee.com
- Kerri A Lyman    klyman@irell.com
- Richard A Marshack    rmarshack@marshackhays.com, lbergini@marshackhays.com
- Robert S Marticello    Rmarticello@wgllp.com
- Neeta Menon    nmenon@stutman.com
- Sarah D Moyed    moyeds@sec.gov
- Mike D Neue    mneue@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                              F 9013-3.1

| In re: | | CHAPTER 11 |
|---|---|---|
| FREMONT GENERAL CORPORATION | Debtor(s). | CASE NUMBER 8:08-bk-13421-ES |

- Aram Ordubegian    ordubegian.aram@arentfox.com
- David L Osias    bcrfilings@allenmatkins.com, dosias@allenmatkins.com
- Christina M Padien    cmoore@akingump.com
- Jonathan Petrus    jpetrus@ktbslaw.com
- David M Poitras    dpoitras@jmbm.com
- Christopher E Prince    cprince@lesnickprince.com
- Raymond C Prospero    john@prosperolaw.com
- Thomas H Prouty    thomas.prouty@troutmansanders.com, tina.diego@troutmansanders.com
- Michael B Reynolds    mreynolds@swlaw.com, kcollins@swlaw.com
- John P Schafer    jps@mandersonllp.com
- Sarah Seewer    sarah.seewer@kirkland.com
- Jonathon Shenson    jshenson@ktbslaw.com
- Evan D Smiley    esmiley@wgllp.com
- Philip E Strok    pstrok@wgllp.com
- Samuel J Teele    steele@lowenstein.com
- Thomas J Welsh    tomwelsh@orrick.com
- Brian D Wesley    brian.wesley@doj.ca.gov
- Marc J Winthrop    mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
- Alan Z Yudkowsky    ayudkowsky@stroock.com
- Scott H Yun    syun@stutman.com

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **AUGUST 31, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

Fremont General Corporation, Attn: Craig Noell, 175 N Riverview Dr, Anaheim, CA 92808
George T Caplan, Epstein Becker & Green, PC, 1925 Century Park E Ste 500, Los Angeles, CA 90067
Larry J Caldwell, Caldwell Law Firm, 1380 Lead Hill Ste 106, Roseville, CA 95661
Michael C Lieb, Willenken Wilson Loh & Lieb, LLP, 707 Wilshire Blvd Ste 3850, Los Angeles, CA 90017
Norah D Molnar, Robert W. Jones, Patton Boggs LLP, 2550 M Street NW, Washington, DC 20037-1350
Eugene Cowan, Bocarsly Emden Cowan Esmail & Arndt LLP, 633 W Fifth St 70th Fl, Los Angeles, CA 90071

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **AUGUST 31, 2010** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

Honorable Erithe Smith–Bin outside Rm 5097

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| AUGUST 31, 2010 | TARI KING | /s/ Tari King |
|---|---|---|
| Date | Type Name | Signature |