1  ARENT FOX LLP

2  Aram Ordubegian (SBN 185142)
   555 West Fifth Street, 48th Floor
3  Los Angeles, CA  90013-1065
   Telephone:     (213) 629-7400
4  Facsimile:     (213) 629-7401

5  Andrew I. Silfen (admitted *pro hac vice*)
   Ronni Arnold (admitted *pro hac vice*)
6  1675 Broadway
   New York, NY 10019
7  Telephone:     (212) 484-3900
   Facsimile:     (212) 484-3990

8
   Jeffrey N. Rothleder (admitted *pro hac vice*)
9  1050 Connecticut Ave., N.W.
   Washington, DC 20036
10 Telephone:     (202) 857-6000
   Facsimile:     (202) 857-6395

11
   *Attorneys for Wells Fargo Bank, N.A. and Wells*
12 *Fargo Delaware Trust Company, as Trustee*

13             UNITED STATES BANKRUPTCY COURT

14             CENTRAL DISTRICT OF CALIFORNIA

15                 SANTA ANA DIVISION

16

17 In re:                                Case No.  8:08-bk-13421-ES

   FREMONT GENERAL CORPORATION,          Chapter Number:  11
18 a Nevada corporation,
                                         **OBJECTION OF WELLS FARGO BANK,**
19             Debtor,                    **N.A. AND WELLS FARGO DELAWARE**
                                          **TRUST COMPANY TO MOTION TO**
20                                        **REQUIRE TRUSTEE TO DISTRIBUTE**
                                          **REMAINING CASH AND TO BRING**
21                                        **DISPUTE BETWEEN SIGNATURE**
                                          **HOLDINGS AND WELLS FARGO**
22                                        **BEFORE THE COURT**

23                                             Hearing

24                                        Date:      October 7, 2010
                                          Time:      10:30 a.m.
25                                        Courtroom: 5A
                                                     411 West Fourth Street
26                                                   Santa Ana, California 92701

27

28     Wells Fargo Bank, N.A. and Wells Fargo Delaware Trust Company ("Wells Fargo" or the

   "Trustee"), solely in their respective capacities as: (a) Indenture Trustee; (b) Institutional Trustee;

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

NYC/525072.1

(c) Guaranty Trustee; and (d) Delaware Trustee, hereby file this Objection (the "Objection") to the Motion to Require Trustee to Distribute Remaining Cash and Bring a Dispute Between Signature Holdings and Wells Fargo Bank Before the Court [Docket No. 2218] (the "Gardipee Motion"). In support hereof, Wells Fargo respectfully states as follows:

**PRELIMINARY STATEMENT**

1.    Mr. Gardipee does not have standing to seek the relief requested in the Gardipee Motion, the Confirmed Plan[1] does not provide Mr. Gardipee with the remedies sought under the Gardipee Motion, and this Court does not have jurisdiction over a dispute between a purported holder of the Preferred Securities (defined below) and Wells Fargo regarding the assertion of Wells Fargo's Charging Lien.[2]

2.    Mr. Gardipee, as a purported holder of the Preferred Securities, is a creditor of the Trust (a non-debtor entity), and not the Debtor. To the extent Mr. Gardipee disagrees with the distributions afforded to him, he should seek redress as provided in the Trust Documents, and not in this Court. Therefore, since Mr. Gardipee does not have standing to bring the Gardipee Motion and this Court does not have jurisdiction to resolve a dispute between a holder of the Preferred Securities and the Trust, the Gardipee Motion should be denied.

3.    In addition, Wells Fargo and Signature are attempting to resolve the outstanding issues relating to the payment of Indenture Trustee Fees, and Wells Fargo is hopeful that a settlement will be reached with respect to these issues. However, pursuant to the Confirmation Order, if there is a proper and timely dispute as to the amount of Indenture Trustee Fees sought, the applicable Indenture Trustee, at its sole option, may seek the Court's determination whether the fees and expenses are reasonable under the applicable Indenture or Wells Fargo, as the indenture trustee, may assert its Charging Lien. Therefore, Wells Fargo is acting within its rights, pursuant to the Indenture, the Confirmed Plan and the Confirmation Order in asserting its Charging Lien with respect to the Indenture Trustee Fees currently subject to the dispute between Wells Fargo and Signature (and in disputing Signature's failure to pay the Indenture Trustee Fees

---

[1]    Mr. Gardipee assets that he is the holder of Preferred Securities; however, Mr. Gardipee provides no evidence of such holdings. See Gardipee Motion ¶ 3, p 1.

[2]    Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Compliance Motion (defined below).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

NYC/525072.1

OBJECTION OF WELLS FARGO BANK, N.A. AND WELLS FARGO
DELAWARE TRUST COMPANY TO GARDIPEE MOTION.

1   as provided for in the Confirmed Plan and Confirmation Order, which is described in further

2   detail in the Compliance Motion), and any and all other interested parties are bound to this

3   dispute resolution process created under the Confirmed Plan.

4                                   **BACKGROUND**

5   **A.    The TOPrS Structure**

6           4.      As this Court is aware, prior to the Petition Date, Fremont General Corp. issued

7   the 9% Junior Subordinated Debentures due March 31, 2026 in the original aggregate principal

8   amount of $103,092,784 (the "TOPrS Debenture").  The TOPrS Debenture was held by Fremont

9   General Financing I ("Fremont General Financing" or the "Trust"), a statutory business trust that

10  was formed pursuant to the Delaware Business Trust Act and an Amended and Restated

11  Declaration of Trust of Fremont General Financing I dated March 6, 1996 (the "Trust

12  Declaration"), by and among the Institutional Trustee, Delaware Trustee, and Thea Stuedli and

13  Richard Sanchez, individuals who are employed by the Sponsor, as Regular Trustees.  The Trust

14  is a non-debtor subsidiary of the Debtor that was created as a special purpose financing entity to

15  hold the TOPrS Debenture as its sole asset.

16          5.      In 1996, the Trust issued the Common Securities to the Debtor and sold

17  $103,092,784 million of 9% Trust Originated Preferred Securities ("Preferred Securities") in a

18  public offering, which represents preferred undivided beneficial interests in the assets of Fremont

19  General Financing (i.e., the TOPrS Debenture).[3]

20          6.      In general, Fremont General Corporation would make payments on account of the

21  TOPrS Debenture to the Trust, and the Trust would in turn distribute those payments to holders of

22  the Preferred Securities and Common Securities (the "TOPrS Holders") as provided under the

23  Trust Documents (as defined below).  The holders of the Preferred Securities, such as Mr.

24  Gardipee, are not direct creditors of the Debtor.

25          7.      In addition, the Trust Documents provide for the payment of the reasonable fees

26  and expenses of Wells Fargo in its capacities thereunder.  See, e.g., Trust Declaration §§ 3.6(k)

---

[3]    Under a separate guarantee, Fremont General Corporation also guaranteed all payments due to the Guaranty Trustee for the benefit of the TOPrS Holders under the Trust Documents.

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

OBJECTION OF WELLS FARGO BANK, N.A. AND WELLS FARGO
DELAWARE TRUST COMPANY TO GARDIPEE MOTION.

NYC/525072.1

and 10.4; Indenture § 607.  If holders of Preferred Securities claim a violation of the Trust

Documents they must assert such rights as they have under the documents or at common law in a

non-bankruptcy court.

**B.**   **The Bankruptcy Case, Confirmed Plan and Confirmation Order**

8.     On June 18, 2008, Fremont General Corporation ("<u>Fremont</u>"), as debtor and

debtor-in-possession (the "<u>Debtor</u>"), filed a petition for relief under Chapter 11 of title 11 of the

United States Code, 11 U.S.C. § 101-1330 (as amended, the "<u>Bankruptcy Code</u>") in the United

States Bankruptcy Court for the Central District of California, Santa Ana Division (the "<u>Court</u>").

9.     On May 25, 2010, the Court entered an order (the "<u>Confirmation Order</u>")

confirming the plan of reorganization proposed by Signature [Docket No. 2114] (the "<u>Confirmed</u>

<u>Plan</u>").  The Confirmed Plan and Confirmation Order provided for certain distributions to be

made on account of the debt owed under the Trust Documents as well as for the payment of the

Indenture Trustee Fees.

10.     Indeed, section II.A.1.(f) of the Confirmed Plan provides that the Reorganized

Debtor shall pay, as an Administrative Expense, without the need for application to, or approval

of, any court, all Indenture Trustee Fees.  Paragraph 14 of the Confirmation Order directs the

Reorganized Debtor to "pay or cause to be paid <u>in full and in cash</u> as an Administrative Claim,

without the need for application to, or approval of, any court, or consent of any other party

without reduction to the recovery of applicable holders of allowed claims, any and all Indenture

Trustee Fees and other amounts that are due to each of the Indenture Trustees and their respective

Professionals as of the Effective Date" subject only to Signature's right to "review for

reasonableness under the <u>applicable Indenture</u>" within a "ten (10) day period."[4]  The

Confirmation Order also provides that if there is a proper and timely dispute as to the amount of

Indenture Trustee Fees sought, the applicable Indenture Trustee, at its sole option, may seek this

Court's determination if the fees and expenses are reasonable under the applicable Indenture or

may assert its Charging Lien.[5]

---

[4]    <u>See</u> Confirmation Order ¶ 14 (emphasis added), a copy of which is attached to the Compliance Motion as **Exhibit A**.
[5]    <u>See</u> id.

Arent Fox LLP
Attorneys At Law
Los Angeles

OBJECTION OF WELLS FARGO BANK, N.A. AND WELLS FARGO
DELAWARE TRUST COMPANY TO GARDIPEE MOTION.

NYC/525072.1

11.    Specifically, the Confirmation Order provides as follows:

> Subject to the Indenture Trustees providing invoices to counsel to Signature, which shall be subject only to Signature's review for reasonableness under the applicable Indenture, the Reorganized Debtor shall pay or cause to be paid in full and in cash as an Administrative Claim, without the need for application to, or approval of, any court, or consent of any party without reduction to the recovery of applicable holders of allowed claims, any and all Indenture Trustee Fees and other amounts that are due to each of the Indenture Trustees and their respective Professionals as of the Effective Date on or before the Effective Date or within ten (10) days of the Indenture Trustee providing counsel to Signature such invoices if the invoice is not provided prior to the Effective Date.  If Signature disputes any portion of the fees and expenses sought by the Indenture Trustees by means of a written notification of such fee or expense dispute delivered to the Indenture Trustee during such ten (10) day period, the Reorganized Debtor shall pay or cause to be paid that undisputed portion of the requested fees and costs within ten (10) days of receipt of the invoices from the Indenture Trustee and the Indenture Trustee shall have the right to seek a determination by the Court of that disputed portion of the fees and costs as reasonable under the applicable Indenture or assert its Charging Lien to pay such disputed amounts.

Confirmation Order at ¶ 14.

12.    In sum, the Confirmation Order and Confirmed Plan (a) require the Reorganized Debtor to pay fees and expenses of Wells Fargo and its counsel which are not timely and properly disputed, (b) provide Signature the right to, within a certain time period, challenge a specific portion of counsel's fees and expenses that it believes are unreasonable under the TOPrS documents and (c) provide Wells Fargo the discretion to resolve the challenge either by asserting the Charging Lien under the Indenture or having the Bankruptcy Court resolve the dispute at the request of Wells Fargo.

13.    Paragraph 14 of the Confirmation Order also provides that "[i]n the event of any conflict between this Order and the Signature Plan with respect to those matters covered by this paragraph 14, the terms of this paragraph 14 shall prevail."[6]  Neither the Confirmed Plan nor the Confirmation Order confer any rights on the TOPrS Holders to dispute the Indenture Trustee Fees in this Court.

## C.    The Compliance Motion

14.    On June 11, 2010, the Effective Date of the Plan occurred [Docket No. 2147].

---

[6]    See id.

Arent Fox LLP
Attorneys At Law
Los Angeles

- 5 -

NYC/525072.1

OBJECTION OF WELLS FARGO BANK, N.A. AND WELLS FARGO
DELAWARE TRUST COMPANY TO GARDIPEE MOTION.

15.    On July 28, 2010, Wells Fargo filed the Motion of Wells Fargo Bank, N.A. and Wells Fargo Delaware Trust Company Pursuant to Sections 105 and 1142 of the Bankruptcy Code to Implement and Enforce Terms of the Confirmed Plan and Confirmation Order [Docket No. 2244] (the "Compliance Motion").  In the Compliance Motion, Wells Fargo requests the entry of an order, *inter alia*, (a) requiring Signature to: (i) withdraw its purported objection to the submitted indenture trustee fees and expenses; (ii) direct the Reorganized Debtor to remit the fee amounts not paid; and (iii) confirm that Signature does not have the right to seek disgorgement of any amounts already paid to Wells Fargo and its counsel, (b) prohibiting Signature from challenging or objecting to Indenture Trustee Fees already requested by Wells Fargo and its counsel, (c) directing the Reorganized Debtor to pay the outstanding and unpaid Indenture Trustee Fees and (d) implementing and enforcing the provisions of the Confirmed Plan and Confirmation Order relating to the payment of the Indenture Trustee Fees and treatment of the claims of the Indenture Trustee.[7]  The hearing on the Compliance Motion will take place on October 7, 2010 at 10:30 a.m.

16.    Wells Fargo received a copy of the Gardipee Motion[8] and a subsequent notice of hearing setting the Gardipee Motion for a hearing on September 9, 2010 at 10:30 a.m.  By order of the Court, the hearing on the Gardipee Motion was adjourned to October 7, 2010 at 10:30 a.m. [Docket No. 2302].

## OBJECTION

17.    The Gardipee Motion should be denied because this Court does not have jurisdiction over any dispute between Mr. Gardipee and Wells Fargo, as any such dispute should be resolved in accordance with the Trust Documents in a non-bankruptcy forum.  Further, Mr. Gardipee does not have standing to seek the relief requested because Mr. Gardipee, as a purported holder of the Preferred Securities, is not a creditor of this Debtor, but rather, is a creditor of the Trust, a non-debtor entity.  Moreover, there already is a pending motion before this Court related to the matter in dispute.  Furthermore, it is within Wells Fargo's sole discretion to either seek the

---

[7] Additional background regarding the dispute between Wells Fargo and Signature can be found in the Compliance Motion and, to the extent applicable, is fully incorporated herein by reference.

[8] This Objection contains arguments of law and does not address certain factual contentions Mr. Gardipee makes in the Gardipee Motion, some of which Wells Fargo disputes.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

OBJECTION OF WELLS FARGO BANK, N.A. AND WELLS FARGO
DELAWARE TRUST COMPANY TO GARDIPEE MOTION

- 6 -

NYC/525072.1

1   Court's determination as to whether their fees and expenses are reasonable or to assert its

2   Charging Lien for outstanding Indenture Trustee Fees.  Thus, even if this Court did have

3   jurisdiction to resolve the dispute between a holder of Preferred Securities and Wells Fargo

4   (which, as described in detail herein, it does not), in accordance with the Confirmed Plan and

5   Confirmation Order, the determination as to whether or not Wells Fargo asserts its Charging Lien

6   is within Wells Fargo's sole discretion.[9]  In the event a TOPrS Holder has any issues with the

7   assertion by Wells Fargo of its Charging Lien, the TOPrS Holder's sole recourse is to assert

8   whatever rights he may have under the Trust Documents in non-bankruptcy court.

9                                              **ARGUMENT**

10  **A.      This Court Lacks Jurisdiction and Mr. Gardipee
           Has No Standing to Assert the Relief Requested in the Gardipee Motion**
11

12          18.      This Court does not have jurisdiction over any dispute between Mr. Gardipee, a

13  purported holder of Preferred Securities, and Wells Fargo regarding Wells Fargo's assertion of its

14  Charging Lien.  Mr. Gardipee asserts that, pursuant to the Confirmed Plan, this Court retained

15  jurisdiction over the Indenture Trustee Fees and to determine any "Claim."  While it is true that

16  the Confirmed Plan does provide for the retention of jurisdiction, such post-confirmation

17  jurisdiction is very limited and the dispute between Mr. Gardipee and Wells Fargo is not within

18  the scope of such post-confirmation jurisdiction.  See In re Pegasus Gold Corp.  394 F.3d 1189,

19  1194 (9th Cir. 2005) (recognizing that post-confirmation bankruptcy court jurisdiction is

20  necessarily more limited than pre-confirmation jurisdiction, and adopting and applying the Third

21  Circuit's "close nexus" test for post-confirmation "related to" jurisdiction, because it recognizes

22  the limited nature of post-confirmation jurisdiction).  Thus, this Court does not, pursuant to Title

23  28 of the United States Code or the Confirmed Plan, have jurisdiction over this dispute between

24  two non-debtor parties.

25          19.      Furthermore, Mr. Gardipee may only has a claim against the Trust (which is not a

26  debtor in this bankruptcy proceeding), and not the Debtor, with respect to any outstanding

27  _____

28  [9] Wells Fargo also is acting within its rights, pursuant to the Indenture, the Confirmed Plan and the Confirmation
    Order, in disputing Signature's failure to pay the Indenture Trustee Fees as provided for in the Confirmed Plan and
    Confirmation Order, as described in further detail in the Compliance Motion.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

OBJECTION OF WELLS FARGO BANK, N.A. AND WELLS FARGO
DELAWARE TRUST COMPANY TO GARDIPEE MOTION.

NYC/525072.1

payment owing to him.  Mr. Gardipee did not assert a Claim in the bankruptcy case.  Since there is no "Claim" against the Debtor, the retention of jurisdiction provisions cited in the Gardipee Motion are inapplicable.

20.    Rather, Mr. Gardipee is trying to squeeze a square peg into a round hole by attempting to classify his dispute over Wells Fargo's assertion of its Charging Lien as a dispute over a "Claim" or "Professional Fee Claim" under the Confirmed Plan.  This is simply not the case.  Indeed, to the extent Mr. Gardipee has a dispute with Wells Fargo over the imposition of the Charging Lien, the provisions of the Trust Documents are his recourse, not this Court.  Thus, this Court does not have jurisdiction over, and Mr. Gardipee does not have standing to bring, this dispute before this Court.

**B.    Wells Fargo, as Indenture Trustee, Has Sole
Discretion to Determine Whether to Assert its Charging Lien**

21.    Moreover, the Confirmed Plan and Confirmation Order clearly provide that it is the province of Wells Fargo, as the applicable indenture trustee, it is sole discretion, to either assert its Charging Lien or to submit this dispute to the Court.  See Confirmation Order at ¶ 14. Wells Fargo, through the Compliance Motion, is exercising its rights and should be permitted to do so without interference from other outside parties.  Indeed, the terms of the Confirmed Plan and Confirmation Order should be enforced and should be binding on all parties, including Mr. Gardipee.  See 11 U.S.C. § 1141; In re Varat Enters. Inc., 81 F.3d 1310, 1317 (4th Cir. 1996) (under the Bankruptcy Code, a confirmed plan of reorganization acts like a contract that is binding on all of the parties); In re Viceroy Markets, Inc., 221 B.R. 298, 303 (2d Cir. BAP 1998) (a confirmed plan holds the status of a binding contract); In re Arts Dairy, LLC, 432 B.R. 712, 716 (Bankr. N.D. Ohio 2010) (once confirmed by the bankruptcy court, a chapter 11 plan of reorganization operates as a new and binding contract).  Therefore, Wells Fargo, as the applicable indenture trustee, is acting within its rights, pursuant to the Trust Documents, the Confirmed Plan, the Confirmation Order and the Bankruptcy Code, in asserting its Charging Lien with respect to the fees currently subject to dispute between Wells Fargo and Signature.  Any attempt by Mr. Gardipee, as a purported holder of the Preferred Securities, to dictate whether or not Wells Fargo

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

NYC/525072.1

OBJECTION OF WELLS FARGO BANK, N.A. AND WELLS FARGO
DELAWARE TRUST COMPANY TO GARDIPEE MOTION

1  should assert its Charging Lien should thus be denied.

2      22.    Finally, Wells Fargo and Signature currently are attempting to resolve the

3  outstanding issues related to the payment of Indenture Trustee Fees within the pending contested

4  matter related to the already pending Compliance Motion.  Wells Fargo is hopeful that it will be

5  able to reach a settlement with Signature with respect to these disputed issues.  If, however, the

6  parties are unable to resolve the dispute relating to the payment of Wells Fargo's Indenture

7  Trustee Fees, the Court will hear the arguments with respect to the Compliance Motion at the

8  October 7, 2010 hearing, thus rendering moot the Gardipee Motion, to the extent this Court has

9  jurisdiction and Mr. Gardipee has standing.

10                    **RESERVATION OF RIGHTS**

11      23.    Nothing herein shall constitute a waiver of any rights or remedies of Wells Fargo.

12  Wells Fargo reserves its rights to further address the Gardipee Motion, the Compliance Motion

13  and other ancillary issues and to respond to the expected reply of any party, either by further

14  submission to this Court, at oral argument or testimony to be presented at any hearing.

15      WHEREFORE, Wells Fargo respectfully requests the entry of an Order (i) granting the

16  Compliance Motion, (ii) denying the Gardipee Motion and (iii) granting such other and further

17  relief as this Court deems just and appropriate.

18  Dated: September 23, 2010                Respectfully submitted,

19                                           ARENT FOX LLP

20                                           By:  */s/ Aram Ordubegian*_____
21                                           Aram Ordubegian (SBN 185142)
                                             555 West Fifth Street, 48th Floor
22                                           Los Angeles, CA  90013-1065
                                             Telephone:(213) 629-7400
23                                           Facsimile: (213) 629-7401

24                                           - and -

25                                           Andrew I. Silfen (admitted *pro hac vice*)
26                                           Ronni N. Arnold (admitted *pro hac vice*)
                                             1675 Broadway
27                                           New York, NY 10019
                                             Telephone:(212) 484-3900
28                                           Facsimile: (212) 484-3990

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

OBJECTION OF WELLS FARGO BANK, N.A. AND WELLS FARGO
DELAWARE TRUST COMPANY TO GARDIPEE MOTION.

- 9 -

NYC/525072.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- and -

Jeffrey N. Rothleder (admitted *pro hac vice*)
1050 Connecticut Ave., N.W.
Washington, DC 20036
Telephone:(202) 857-6000
Facsimile: (202) 857-06395

*Attorneys for Wells Fargo Bank, N.A. and Wells*
*Fargo Delaware Trust Company*

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -

OBJECTION OF WELLS FARGO BANK, N.A. AND WELLS FARGO
DELAWARE TRUST COMPANY TO GARDIPEE MOTION.

NYC/525072.1

| In re: FREMONT GENERAL CORPORATION | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 8:08-bk-13421-ES |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Arent Fox LLP, Gas Company Tower, 555 West Fifth Street, 48th Floor, Los Angeles, CA 90013.

A true and correct copy of the foregoing document described <u>OBJECTION OF WELLS FARGO BANK, N.A. AND WELLS FARGO DELAWARE TRUST COMPANY TO MOTION TO REQUIRE TRUSTEE TO DISTRIBUTE REMAINING CASH AND TO BRING DISPUTE BETWEEN SIGNATURE HOLDINGS AND WELLS FARGO BEFORE THE COURT</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>September 23, 2010</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On <u>September 23, 2010</u> I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

**SERVED BY OVERNIGHT MAIL**

Honorable Erithe A. Smith
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 W. Fourth Street, Suite 5041
Santa Ana, CA 92701-4593

☒  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on <u>September 23, 2010</u> I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 23, 2010 | SIMONA FILIP | /s/ Simona Filip |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1**

| In re: FREMONT GENERAL CORPORATION | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 8:08-bk-13421-ES |

ADDITIONAL SERVICE INFORMATION:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**

Kyra E Andrassy on behalf of Interested Party Official Committee of Equity Holders
kandrassy@wgllp.com

Kristen N Beall on behalf of Debtor Fremont General Corporation
kbeall@pattonboggs.com, bmcilwain@pattonboggs.com

Reem J Bello on behalf of Interested Party Official Committee of Equity Holders
rbello@wgllp.com

Ron Bender on behalf of Creditor Costa Brava Partnership III LP
rb@lnbrb.com

Dustin P Branch on behalf of Creditor iStar Financial, Inc.
dustin.branch@kattenlaw.com

Brendt C Butler on behalf of Interested Party Reorganized Debtor Signature Group Holding, Inc. f/k/a Fremont
General Corporation
BButler@rutan.com

Frank Cadigan on behalf of U.S. Trustee United States Trustee (SA)
frank.cadigan@usdoj.gov

Gary O Caris on behalf of Creditor Wells Fargo Bank, N.A.
gcaris@mckennalong.com, pcoates@mckennalong.com

Lisa W Chao on behalf of Plaintiff Insurance Commissioner of the State of California
lisa.chao@doj.ca.gov

Shawn M Christianson on behalf of Interested Party Courtesy NEF
cmcintire@buchalter.com

Eric A Cook on behalf of Debtor Fremont General Corporation
ecook@ebglaw.com

Kristopher Davis on behalf of Special Counsel Epstein Becker & Green, P.C.
ksdavis@ebglaw.com

Ted A Dillman on behalf of Interested Party Official Committee of Equity Security Holders
Ted.dillman@lw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**

| | |
|---|---|
| In re: FREMONT GENERAL CORPORATION | CHAPTER 11 |
| Debtor(s). | CASE NUMBER 8:08-bk-13421-ES |

Willis B Douglass on behalf of Creditor United States of America IRS
Willis.B.Douglass@irscounsel.treas.gov

Jesse S Finlayson on behalf of blank New York State Teachers' Retirement System
jfinlayson@fwtrl.com, wmills@fwtrl.com

Philip A Gasteier on behalf of Creditor Costa Brava Partnership III LP
pag@lnbrb.com

Jodie M Grotins on behalf of Interested Party Courtesy NEF
jgrotins@mcguirewoods.com

Peter J Gurfein on behalf of Creditor HSBC Bank USA, National Association
pgurfein@lgbfirm.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com

Matthew Heyn on behalf of Creditor Committee Official Committee of Unsecured Creditors of Fremont
General Corporation
mheyn@ktbslaw.com

Whitman L Holt on behalf of Consultant FTI Consulting, Inc.
wholt@stutman.com

Mark D Houle on behalf of Creditor Bank Of New York
mark.houle@pillsburylaw.com

Michelle Hribar on behalf of Interested Party James McIntyre
mhribar@rutan.com

Derek J Kaufman on behalf of Attorney Ranch Capital, LLC & RC Fremont, LLC
derek.kaufman@mto.com

Payam Khodadadi on behalf of Creditor Belgravia Capital Management, LLC
pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com

William H. Kiekhofer on behalf of Creditor U.S. BANK NATIONAL ASSOCIATION
wkiekhofer@mcguirewoods.com

Lewis R Landau on behalf of Interested Party Alan Faigin
lew@landaunet.com

Thomas A. Lee 2 on behalf of Creditor American Express Travel Related Services Co Inc Corp Card
notices@becket-lee.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re: FREMONT GENERAL CORPORATION | CHAPTER 11 |
| | |
| Debtor(s). | CASE NUMBER 8:08-bk-13421-ES |

Kerri A Lyman on behalf of Defendant David DePillo
klyman@irell.com

Richard A Marshack on behalf of Interested Party Donald Royer
rmarshack@marshackhays.com, lbergini@marshackhays.com

Robert S Marticello on behalf of Interested Party Official Committee of Equity Holders
Rmarticello@wgllp.com

Neeta Menon on behalf of Debtor Fremont General Corporation
nmenon@stutman.com

Sarah D Moyed on behalf of Interested Party Courtesy NEF
moyeds@sec.gov

Mike D Neue on behalf of Financial Advisor KPMG Corporate Finance LLC
mneue@thelobelfirm.com, jmattiace@thelobelfirm.com; pnelson@thelobelfirm.com

David L Osias on behalf of Interested Party Kelly Capital, LLC
bcrfilings@allenmatkins.com, dosias@allenmatkins.com

Christina M Padien on behalf of Creditor HSBC Bank USA, National Association
cmoore@akingump.com

Jonathan Petrus on behalf of Creditor Tennenbaum Capital Partners
jpetrus@ktbslaw.com

David M Poitras on behalf of Creditor Fremont Reorganizing Corporation (f/k/a Fremont Investment & Loan)
dpoitras@jmbm.com

Christopher E Prince on behalf of Creditor New World Group
cprince@lesnickprince.com

Raymond C Prospero on behalf of Defendant National Relocation Services, Inc.
john@prosperolaw.com

Thomas H Prouty on behalf of Defendant Federal Insurance Company
thomas.prouty@troutmansanders.com, tina.diego@troutmansanders.com

Michael B Reynolds on behalf of Stockholder James McIntyre
mreynolds@swlaw.com, kcollins@swlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                    F 9013-3.1

| | |
|---|---|
| In re: FREMONT GENERAL CORPORATION | CHAPTER 11 |
| Debtor(s). | CASE NUMBER 8:08-bk-13421-ES |

John P Schafer on behalf of Interested Party Reorganized Debtor Signature Group Holding, Inc. f/k/a Fremont
General Corporation
jps@mandersonllp.com

Sarah Seewer on behalf of Interested Party Courtesy NEF
sarah.seewer@kirkland.com

Jonathon Shenson on behalf of Attorney Klee, Tuchin, Bogdanoff & Stern LLP
jshenson@ktbslaw.com

Evan D Smiley on behalf of Creditor Committee Official Committee of Unsecured Creditors of Fremont
General Corp.
esmiley@wgllp.com

Philip E Strok on behalf of Debtor Fremont General Corporation
pstrok@wgllp.com

Samuel J Teele on behalf of blank New York State Teachers' Retirement System
steele@lowenstein.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Thomas J Welsh on behalf of Interested Party Courtesy NEF
tomwelsh@orrick.com

Brian D Wesley on behalf of Creditor FRANCHISE TAX BOARD
brian.wesley@doj.ca.gov

Marc J Winthrop on behalf of Creditor Belgravia Capital Management, LLC
mwinthrop@winthropcouchot.com, pj@winthropcouchot.com

Alan Z Yudkowsky on behalf of Creditor Water Garden Company L.L.C.
ayudkowsky@stroock.com

Scott H Yun on behalf of Debtor Fremont General Corporation
syun@stutman.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    F 9013-3.1

| In re: FREMONT GENERAL CORPORATION | CHAPTER 11 |
| | |
| Debtor(s). | CASE NUMBER 8:08-bk-13421-ES |

## II. **SERVED BY OVERNIGHT MAIL:**

Glenn S. Gardipee
General Partner
Northern Systems Capital Partners
3111 Liberty Bell Road
Green Bay, WI 54313

David N. Brody
Senior Vice President, Counsel & Corporate Secretary
Signature Group Holdings, Inc
15303 Ventura Blvd., Suite 1510
Sherman Oaks, CA 91403

Office of the U.S. Trustee
Attn: Frank Cadigan, Esq.
411 West Fourth Street, Suite 9041
Santa Ana, CA 92701-8000

Counsels for Reorganized Debtor Signature Group Holdings, Inc.

Brendt C Butler
Rutan & Tucker, LLP
611 Anton Blvd 14th Fl
Costa Mesa, CA 92626

Whitman L Holt
1901 Ave of the Stars 12th Flr
Los Angeles, CA 90067

John P Schafer
4695 MacArthur Court, Ste 1270
Newport Beach, CA 92660

## II. **SERVED BY U.S. MAIL:**

Counsel to Deutsche Bank National Trust Company
Neal Salisian
Morgan Lewis & Bockius LLP
300 S Grand Ave Ste 2200

Robert W. Jones, Esq
Brent R. McIlwain, Esq.
Kristen Beall, Esq.
Patton Boggs LLP
2000 McKinney Avenue Suite 1700
Dallas, TX 75201

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                    **F 9013-3.1**

| | |
|---|---|
| In re: FREMONT GENERAL CORPORATION | CHAPTER 11 |
| Debtor(s). | CASE NUMBER 8:08-bk-13421-ES |

Counsel to HSBC Bank USA
Peter J. Gurfein, Esq.
Akin Gump Strauss & Feld LLP
2029 Century Park East, 24th Floor
Los Angeles, CA 90067

Rita Angel
c/o Joshua T. Angel
Herrick Feinstein LLP
2 Park Avenue
New York, NY 10016

Financial Advisor to Creditors Committee
Deborah Hicks Midanek
Solon Group, Inc.
350 East 57th Street, 1A
New York, N.Y. 10022

John Schryber, Esq.
Norah Molnar, Esq.
Patton Boggs LLP
2550 M Street NW
Washington, DC 20037-1350

Creditors Committee
Tennenbaum Multi-Strategy Master Fund
c/o David Hollander, Managing Director
2951 28th Street, #1000
Santa Monica, CA 90405

Ex Officio Member
Howard Amster
23811 Chagrin Blvd., #200
Beachwood, OH 44122

Counsel to Debtor
Stutman, Treister & Glatt
Theodore B. Stolman, Esq.
Scott H. Yun, Esq.
1901 Avenue of the Stars, #1200
Los Angeles, CA 90067

Dennis & Loretta Danko Family Trust
Dennis Danko, Trustee
10941 E. Buckskin Trail
Scottsdale, AZ 85255

Counsel to HSBC Bank USA
David P. Simonds, Esq.
Akin Gump Strauss & Feld LLP
2029 Century Park East, 24th Floor
Los Angeles, CA 90067

Jay Scollins
Roark, Rearden & Hamot Capital Mgmt.
222 Berkeley Street, 17th Floor
Boston, MA 02116

Debtor
Fremont General Corporation
Fremont Reorganizing Corporation
175 N. Riverview Drive
Anaheim, CA 92808

Chapter 11 Examiner
Leonard Gumport, Esq.
550 South Hope Street. #825
Los Angeles, CA 90071-2627

HSBC Bank USA
c/o Robert Conrad, Vice President
10 East 40th Street, 14th Floor
New York, NY 10018

David T. Cohen, Esq.
Warner Stevens, L.L.P.
1700 City Center Tower II
301 Commerce Street
Fort Worth, TX 76102

Wells Fargo Bank as Successor to
The Bank of New York
c/o James R. Lewis, Vice President
Thomas M. Korsman, Vice President
45 Broadway, 14th Floor
New York, N Y 10006

Ex Officio Member
Seth Hamot
Roark, Rearden & Hamot Capital
222 Berkeley Street, 17th Floor
Boston, MA 02116

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                          F 9013-3.1

| In re: FREMONT GENERAL CORPORATION | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 8:08-bk-13421-ES |

Jeff Erler, Esq.
Warner Stevens, L.L.P.
1700 City Center Tower II
301 Commerce Street
Fort Worth, TX 76102

United States Attorney's Office
Tax Division
Federal Bldg., Room 7211
300 North Los Angeles Street
Los Angeles, CA 90012

Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

Evan D. Smiley, Esq.
Weiland, Golden, Smiley, Wang
Ekvall & Strok, LLP
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626

Bank of New York Trust Co.
Attn: Bridget Schessler
525 William Penn Place, Fl. 7
Pittsburgh, PA 15219-1737

Franchise Tax Board
Attention: Bankruptcy
P.O. Box 2952
Sacramento, CA 95812-2952

Thomas Leanse, Esq.
Dustin P. Branch, Esq.
Katten Muchin Rosenman LLP
2029 Century Park East. #2600
Los Angeles, CA 90067-3012

CapitalSource TRS Inc.
Attn: Chief Legal Officer
4445 Willard Avenue, 12th Floor
Chevy Chase, MI) 20815

David C. Weavil
Mila D. Weavil, Trustee
Weavil Family Trust
7691 Deboe Road
Summerfield, NC 27358-9025

Zaki A. Sheikh
R/O IRA
FCC as Custodian
2552 Westmoreland Drive
Granite City, IL 62040-5248

P. Reisbord, H. Reisbord, Co-Trustees
4540 Noeline Way
Encino, CA 91436-2108

Phillip J. Salvati IRA
Bear Stearns SEC Corp.
2 Aristotle
Irvine, CA 92603-3619

U.S. Dept. of Justice Tax Division
Civil Trial Section, Western Region
P.O. Box 683
Ben Franklin Station
Washington, DC 20044

Counsel to Bank of New York
Mark D. Houle, Esq.
Pillsbury Winthrop Shaw Pittmann LLP
650 Town Center Drive, Suite 700
Costa Mesa, CA 92626-7122

Mark R. Somerstein, Esq.
Amy E. Vanderwal, Esq.
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    F 9013-3.1

| In re: FREMONT GENERAL CORPORATION | CHAPTER  11 |
|---|---|
| Debtor(s). | CASE NUMBER 8:08-bk-13421-ES |

FDIC
San Francisco Regional Office
25 Jessie Street at Ecker Square, #2300
San Francisco, CA 94105

Error Accounts Bonds
RBC Capital Markets
Attn: Proxy Dept. M10
510 Marquette Ave. S
Minneapolis, MN 55402

Sarah Moyed, Esq.
Security Exchange Commission
5670 Wilshire Boulevard
11th Floor
Los Angeles, CA 90036

Counsel for Bankplus Wealth Mgmt. Group
Morgan Stanley
Attn: Robyn Chunn
4450 Old Canton Road, Suite 100
Jackson, MS 39211

NFS/FMTC IRA
11 Windward Place
Cape Haze, FL 33946-2339

Howard Amster
23811 Chagrin Blvd., #200
Beachwood, OH 44122

James M. Rockett, Esq.
Bingham McCutchen LLP
3 Embarcadero Center
San Francisco, CA 94111

Shmuel Klein, Esq.
Law Offices of Shmuel Klein
268 Route 59
Spring Valley, NY 10977

Clinton R. Stevenson Jr., Trustee
c/o West Coast Housing Partners
3027 Towngate Road, Suite 250
Westlake Village, CA 91361

Glenn and Machiko Teshirogi RE
28913 Covescrest Drive
Rancho Palos Verdes, CA 90275

State of California
Dept. of Financial Institutions
45 Fremont Street, Ste. 1700
San Francisco, CA 94105

Eric M. Banhazl
Ilyssa C. Banhazl
240 Crescent Glen I)rive
Glendora, CA 91741

NFS/FMTC IRA
Apt. 237
24431 Lyons Avenue
Santa Clarita, CA 91321

NFS/FMTC IRA Lynne Unger
3614 Hardwick Court
PO Box 4905
Douglasville, GA 30135
Muskegon, MI 49444

Gonzalo Fulquet
Elena Salles & Alvaro Rincon
541 Oficina 501
Montevideo CP 11000
URUGUAY

Counsel to (NYSTRS)
Jesse S. Finlayson Michael R. Williams
Finlayson & Williams
15615 Alton Parkway, #250
Irvine, CA 92618

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

| In re: FREMONT GENERAL CORPORATION | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 8:08-bk-13421-ES |

Counsel to New York State Teachers'
Retirement System (NYSTRS)
Michael S. Etkin/S. Jason Teele
Lowenstein Sandler
65 Livingston Avenue
Roseland, NJ 07068

Counsel to Water Garden Company
Stroock & Stroock & Lavan LLP
Harold A. Olsen, Esq.
180 Maiden Lane
New York, NY 10038

Request for Special Notice
Mark B. Frazier, Esq.
Michelle C. Hribar, Esq.
611 Anton Blvd., 14th Floor
Costa Mesa, CA 92626

Counsel to (NYSTRS)
Salvatore J. Graziano, Esq.
Bernstein Litowitz Berger & Grossman
1285 Avenue of the Americas
New York, NY 10019

Counsel to Iron Mountain
Frank F. McGuinn, Esq.
Bartlett Hackett Feinberg, P.C.
155 Federal Street, 9th Floor
Boston, MA 02110

Thomas Welslt'Marc Levinson
James E. Houpt
Orrick, Herrington & Sutcliffe
400 Capital Mall, #3000
Sacramento, CA 95814-4497

William M. Iadarola
6B Liberty, Suite 245
Aliso Viejo, CA 92656

David W. Wirt
Katherine Heid Harris
Locke Lord Bissell & Liddell
111 South Wacker Drive
Chicago, IL 60606

Evelyn Gotberg, Pro Se
100 Alnwick Road
Malverne, NY 11565

Michael C. Lieb
Willenken, et al.
707 Wilshire Boulevard, Suite 3850
Los Angeles, CA 90017

George B. Piggott, Esq.
Ronald J. Nicholas, Jr.
Law Offices of George B. Piggott
2 Park Plaza, Suite 300
Irvine, CA 92614-8513

Edmund G. Brown, Jr./W.Dean Freeman
Mark Richelson./Raymond Jue
Lisa Chao, Deputy Attorneys General
300 S. Spring Street, Room 1702
Los Angeles, CA 90013

Linda Van Winkle Deadon, Esq.
Nima Shivayi,Esq.
Bate, Peterson, Deacon, Zinn
888 South Figueroa St., 15th Floor
Los Angeles, CA 9001

Eugene P. Schwartz'
Eugene P. Schwartz Trust
Bridget Tracy. Successor Trustee
31 East Central Avenue
West Carrollton, OH 45449-0156

Eric J. Glassman
Mennemeier Glassman & Stroud
980 9th Street_ #1700
Sacramento, CA 95814

Steven A. Marenberg, Esq.
Charles E. Elder, Esq.
Irell & Manella, LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                        **F 9013-3.1**

| In re: FREMONT GENERAL CORPORATION | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 8:08-bk-13421-ES |

Request For Special Notice
John Haack
2500 Village Lane
Foristell, MO 63348-2422

Request for Special Notice
Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, #2600
Los Angeles, CA 90071-3119

Kern A. Lyman, Esq.
Irell & Manella, LLP
8400 Newport Center Drive, #400
Newport Beach, CA 91660

Michael D. Braun, Esq.
Braun Law Group, P.C.
10680 West Pico Blvd., #280
Los Angeles, CA 90064

Counsel to Thomas P. DiNapoli
Entwistle & Cappucci LLP
Attn: Johnston de F. Whitman, Jr.
280 Park Avenue 26th Floor West
New York, NY 10017

John M. Mlynick
23 Mechanic Street
Shelburne Falls, MA 01370

George T. Caplan. Esq.
Kristopher S. Davis_ Esq.
Epstein. Becker & Green
1925 Century Park East. #500
Los Angeles, CA 90067

Andrey (Andre) Mutchnik
17, de la Poudriere, #105
Montreal, Quebec, Canada H4G 3J5

Larry J Caldwell
Caldwell Law Firm
1380 Lead Hill Ste 106
Roseville, CA 95661

Robert R. Kinas, Esq.
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, #1100
Las Vegas, NV 89169

John D. Schlotter, Esq.
McCalla Raymer, LLC
1544 Old Alabama Road
Roswell, GA 30076-2102

Moses Lebovits, Esq.
Christopher G. Brady, Esq.
Daniels, Fine, Israel, Schonbuch
1801 Century Park East, 9th Floor
Los Angeles, CA 90067

Providers of Interim Management
Albert S. Conly
FTI Consulting, Inc.
2001 Ross Avenue, #400
Dallas, TX 765201

Attorneys for Commonwealth of Mass.
Jean M. Healey /John M. Stephan
Martha Coakley_ Attorney General
Commonwealth of Massachusetts
One Ashburton Place
Boston, MA 02108

Attorneys for U.S. Bank National Assoc.
William H. Kiekhofer, III, Esq.
McGuireWoods LLP
1800 Century Park East, 8th Floor
Los Angeles, CA 90067

c/o Chapman and Cutler LLP
Franklin H. Top, III
111 West Monroe Street
Chicago, IL 60603-4080

McKenna Long & Aldridge LLP
Attn: Gary Owen Canis, Esq.
444 South Flower St., 8th Floor
Los Angeles, CA 90071

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

| In re: FREMONT GENERAL CORPORATION | CHAPTER 11 |
| Debtor(s). | CASE NUMBER 8:08-bk-13421-ES |

Christopher E. Prince, Esq.
Lesnick Prince LLP
185 Pier Avenue, #103
Santa Monica, CA 90405

Carole Neville, Esq.
Sonnenschein Nath & Rosenthal
1221 Avenue of the Americas
New York, NY 10020

Peter D. Wolfson, Esq.
Sonnenschein Nath & Rosenthal
1221 Avenue of the Americas
New York, NY 10020

Barry Freeman_ Esq.
David Poitras, P.C.
Jeffer, Mangels,  Butler & Marmaro
1900 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067

Counsel for Ernst & Young LLP
Matthew D. Lee, Esq.
Foley & Lardner LLP
555 South Flower Street, #3500
Los Angeles, CA 90071-241

Eugene Cowan
Bocarsly Emden Cowan Esmail & Arndt LLP
633 W Fifth St 70th Fl
Los Angeles, CA 90071

Jonathan Petrus
1999 Ave of the Stars 39th Fl
Los Angeles, CA 90067

Solicitation and Balloting Agent
Drake D. Foster
Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90245

John P. Schafer, Esq.
Lance A. McKinlay, Esq.
Manderson, Schafer & McKinlay
4695 MacArthur Court, #1270
Newport Beach, CA 92660

Attorneys for Costa Brava Corporation
William J. Wall, Esq.
The Wall Law Office
9900 Research Drive
Irvine, CA 92618

Thomas B. Walper, Esq.
Derek J. Kaufman, Esq.
Munger, Tolles & Olson LLP
355 South Grand Avenue, #3500
Los Angeles, CA 9007

David N. Brody
Senior Vice President, Counsel & Corporate Secretary
Signature Group Holdings, Inc
15303 Ventura Blvd., Suite 1510
Sherman Oaks, CA 91403

Evan D Smiley
Weiland, Golden, Smiley et. al
650 Town Center Dr Ste 950
Costa Mesa, CA 92626

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**

| In re: FREMONT GENERAL CORPORATION | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 8:08-bk-13421-ES |

## III. SERVED BY EMAIL:

- Kyra E Andrassy     kandrassy@wgllp.com
- Kristen N Beall     kbeall@pattonboggs.com, bmcilwain@pattonboggs.com
- Reem J Bello     rbello@wgllp.com
- Ron Bender     rb@lnbrb.com
- Dustin P Branch     dustin.branch@kattenlaw.com
- Brendt C Butler     BButler@rutan.com
- Frank Cadigan     frank.cadigan@usdoj.gov
- Gary O Caris     gcaris@mckennalong.com, pcoates@mckennalong.com
- Lisa W Chao     lisa.chao@doj.ca.gov
- Shawn M Christianson     cmcintire@buchalter.com
- Eric A Cook     ecook@ebglaw.com
- Kristopher Davis     ksdavis@ebglaw.com
- Ted A Dillman     Ted.dillman@lw.com
- Willis B Douglass     Willis.B.Douglass@irscounsel.treas.gov
- Jesse S Finlayson     jfinlayson@fwtrl.com, wmills@fwtrl.com
- Philip A Gasteier     pag@lnbrb.com
- Jodie M Grotins     jgrotins@mcguirewoods.com
- Peter J Gurfein     pgurfein@lgbfirm.com
- D Edward Hays     ehays@marshackhays.com
- Matthew Heyn     mheyn@ktbslaw.com
- Whitman L Holt     wholt@stutman.com
- Mark D Houle     mark.houle@pillsburylaw.com
- Michelle Hribar     mhribar@rutan.com
- Derek J Kaufman     derek.kaufman@mto.com
- Payam Khodadadi     pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com
- William H. Kiekhofer     wkiekhofer@mcguirewoods.com
- Lewis R Landau     lew@landaunet.com
- Thomas A. Lee 2     notices@becket-lee.com
- Kerri A Lyman     klyman@irell.com
- Richard A Marshack     rmarshack@marshackhays.com, lbergini@marshackhays.com
- Robert S Marticello     Rmarticello@wgllp.com
- Neeta Menon     nmenon@stutman.com
- Sarah D Moyed     moyeds@sec.gov
- Mike D Neue     mneue@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- David L Osias     bcrfilings@allenmatkins.com, dosias@allenmatkins.com
- Christina M Padien     cmoore@akingump.com
- Jonathan Petrus     jpetrus@ktbslaw.com
- David M Poitras     dpoitras@jmbm.com
- Christopher E Prince     cprince@lesnickprince.com
- Raymond C Prospero     john@prosperolaw.com
- Thomas H Prouty     thomas.prouty@troutmansanders.com, tina.diego@troutmansanders.com
- Michael B Reynolds     mreynolds@swlaw.com, kcollins@swlaw.com
- John P Schafer     jps@mandersonllp.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                 **F 9013-3.1**

| In re: FREMONT GENERAL CORPORATION | CHAPTER 11 |
| --- | --- |
| Debtor(s). | CASE NUMBER 8:08-bk-13421-ES |

- Sarah Seewer     sarah.seewer@kirkland.com
- Jonathon Shenson     jshenson@ktbslaw.com
- Evan D Smiley     esmiley@wgllp.com
- Philip E Strok     pstrok@wgllp.com
- Samuel J Teele     steele@lowenstein.com
- United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov
- Thomas J Welsh     tomwelsh@orrick.com
- Brian D Wesley     brian.wesley@doj.ca.gov
- Marc J Winthrop     mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
- Alan Z Yudkowsky     ayudkowsky@stroock.com
- Scott H Yun     syun@stutman.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**